794 F.Supp. 332 (1992)
Martha HELTON, et al., Plaintiffs,
v.
PHELPS COUNTY REGIONAL MEDICAL CENTER, et al., Defendants.
No. 4:92CV00883 GFG.
United States District Court, E.D. Missouri, E.D.
July 24, 1992.
*333 Robert J. Albair, Clayton, Mo., for plaintiffs.
Mark A. Ludwig, Ronald R. McMillin, Carson and Coil, Jefferson City, Mo., for defendant Phelps County Regional Medical Center.
Cheryl A. Callis, Ben Ely, Jr., Joseph M. Kortenhof, Kortenhof and Ely, St. Louis, Mo., for defendant Dr. Donald James Curran, D.O.

MEMORANDUM
GUNN, District Judge.
Defendants Phelps County Regional Medical Center (Hospital) and Dr. Donald James Curran have moved to dismiss plaintiffs' two count complaint for failure to state a claim.
Plaintiffs are the surviving wife and children of Vergil Lee Helton, who committed suicide the day after his discharge from the Hospital. Count I of the complaint alleges that defendants improperly discharged Helton from the Hospital in violation of 42 U.S.C. § 1395dd, the so-called Anti-Dumping Act. Count II is a Missouri wrongful death claim predicated on federal supplemental jurisdiction, 28 U.S.C. § 1367(a).
On July 15, 1991, Dr. Curran admitted Helton to the hospital under a diagnosis of major depression with anxiety. Plaintiffs allege that Helton's symptoms persisted during his two day hospital stay and that their manifestation continued at the time of his discharge on July 17, 1991. He committed suicide on July 18, 1991.
Plaintiffs' complaint alleges that Helton was prematurely discharged from the Hospital because he had no health insurance.
At the outset the Court notes that defendants have filed separate motions to dismiss plaintiffs' complaint, but the Court will consider the pending motions to dismiss with respect to Count I of the complaint as one in light of the fact that defendants raise the same contentions for dismissal.
Defendants have moved for dismissal of Count I  the 42 U.S.C. § 1395dd Anti-Dumping Act claim  contending that Helton was not admitted to the Hospital through its emergency room. Defendants contend that the Anti-Dumping Act applies only if there is denial of treatment at a hospital's emergency room facility. This contention is without merit.
Section 1395dd(b)(1) provides:
If any individual (whether or not eligible for benefits under this subchapter) comes to a hospital and the hospital determines that the individual has an emergency medical condition, the hospital must provide either 
(A) within the staff and facilities available at the hospital, for such further medical examination and such treatment as may be required to stabilize the medical condition, or
(B) for transfer of the individual to another medical facility in accordance with subsection (c) of this section.
From the foregoing, it is apparent that it is the condition of the patient when taken into a hospital that controls, not the type of facility in the hospital.
Specifically felicitous and well reasoned is Smith v. Richmond Memorial Hospital, 243 Va. 445, 416 S.E.2d 689 (1992), which holds that the Anti-Dumping Act applies to transfer or discharge of patients from a hospital and not solely those from an emergency room:
"Patient dumping is not limited to a refusal to provide emergency room treatment.... [I]t occurs ... at any time a hospital determines that a patient's condition may result in substantial medical costs and the hospital transfers the patient because it fears it will not be paid for its expenses. Dumping a patient in this manner is neither related to, nor dependent upon, the patient arriving *334 through the emergency room and never being stabilized."
Id. at 692.
The Hospital's second contention that plaintiffs' complaint is faulty for failing to allege that the Hospital receives federal funds is rendered moot by the Court's granting plaintiffs' request for leave to amend the complaint by interlineation relative to this issue.
Federal supplemental jurisdiction permits the Court to exercise jurisdiction over the wrongful death claim. See 28 U.S.C. § 1367(a).[1] But this claim against the Hospital as a public entity is barred by the doctrine of sovereign immunity, as the Hospital has no liability insurance for this type of incident. Mo.Rev.Stat. § 537.600. See State ex rel. Cass Medical Center v. Mason, 796 S.W.2d 621, 623 (Mo.1990) (en banc) (holding that § 537.600 provides sovereign immunity to public entities to the extent they have no insurance coverage).
Defendant Hospital's motion to dismiss Count II, the wrongful death count, is granted.
NOTES
[1] Dr. Curran has moved for dismissal of Count II contending that Count II must be dismissed for lack of jurisdiction if the Court dismisses Count I. Accordingly, the Court will deny Dr. Curran's motion to dismiss Count II.