817 F.Supp. 789 (1993)
Martha HELTON, et al., Plaintiffs,
v.
PHELPS COUNTY REGIONAL MEDICAL CENTER, et al., Defendants.
No. 4:92CV00883 GFG.
United States District Court, E.D. Missouri, E.D.
March 31, 1993.
Robert J. Albair, Clayton, MO, for plaintiffs.
Mark A. Ludwig, Ronald R. McMillin, R. Max Humphreys, Carson and Coil, Jefferson City, MO, Cheryl A. Callis, Ben Ely, Jr., Joseph M. Kortenhof, Kortenhof and Ely, Joseph L. Leritz, President, Leritz and Plunkert, St. Louis, MO, Paul Wacker, Richard Paul Wacker, Daniel and Clampett, Springfield, MO, for defendants.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on various motions to dismiss and motions for summary judgment brought by defendants Dr. Donald James Curran and Phelps County Regional Medical Center (Hospital). Also before this Court is Dr. Curran's motion to strike and plaintiffs' motion for a more definite statement, directed at Dr. Curran's answer. For *790 the reasons stated below, the Court will sua sponte dismiss Count I of the second amended complaint (the complaint) as to Dr. Curran and grant Dr. Curran's motion to dismiss Counts II and III for lack of subject matter jurisdiction. Consequently, plaintiffs' motion for a more definite statement and Dr. Curran's motions for summary judgment and motion to strike will be denied as moot. The Court will deny the Hospital's motion for summary judgment and its renewed motion to dismiss.
According to the allegations of the complaint, Virgil Lee Helton was admitted to the Hospital on July 15, 1991, with an admitting diagnosis of major depression with anxiety. During the admission, personnel of the Hospital noted, among other things, that Helton displayed confusion, severe depression, paranoia and self-inflicted mutilation. At the time, Dr. Curran was the physician at the hospital responsible for examining, treating and discharging Helton. On July 16, 1991, defendants learned that Helton was apparently indigent and lacked health insurance. As a result of his apparent indigency, defendants decided to discharge him. Helton was discharged the following morning of July 17, 1991. He committed suicide by a gunshot wound to the head in the early morning hours of July 18, 1991.
This action was brought by Helton's surviving wife and children. Count I of the complaint alleges that defendants Dr. Curran, the Hospital and Care Unit, Inc., improperly discharged Helton from the Hospital in violation of 42 U.S.C. § 1395dd, the Emergency Medical Treatment and Active Labor Act (EMTALA), also known as the "anti-dumping" or "patient dumping" act.[1] Count II is a wrongful death claim against Dr. Curran and Care Unit, Inc., and Count III is a lost chance of recovery and survival claim against Dr. Curran and Care Unit, Inc.

Sua Sponte Dismissal
Plaintiffs' claim against Dr. Curran is predicated upon the civil enforcement provision of EMTALA, which states
Any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against the participating hospital, obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate.
42 U.S.C. § 1395dd(d)(2)(A). Under the above provision, a person injured by a violation of EMTALA may bring a private action against a participating hospital for civil damages. However, no similar private cause of action exists under EMTALA for recovery of damages from a physician. Although the Eighth Circuit has not yet ruled on this issue, this Court is guided in its decision by recent well-reasoned opinions from other jurisdictions. See, e.g., Delaney v. Cade, 986 F.2d 387, 393 (10th Cir.1993) (plain language of statute indicates civil actions can only be brought against participating hospitals, not doctors); Baber v. Hosp. Corp. of Am., 977 F.2d 872, 876-78 (4th Cir.1992) (reaching same conclusion based upon plain language and legislative history of statute); Gatewood v. Washington Healthcare Corp., 933 F.2d 1037, 1040 n. 1 (D.C.Cir.1991) (noting in dicta that civil enforcement provision is "explicitly limited to actions against participating hospitals"); Jones v. Wake County Hosp. Sys., Inc., 786 F.Supp. 538, 545 (E.D.N.C.1991) (no private cause of action against physicians exists under § 1395dd(d)(2)).[2] Accordingly, Count I of the complaint will be sua sponte dismissed for failure to state a claim. Fed. R.Civ.P. 12(b)(6).[3]
*791 Counts II and III of the complaint will be dismissed as to Dr. Curran on grounds that the Court no longer has supplemental jurisdiction over these state law claims under 28 U.S.C. § 1367(a). Additionally, plaintiffs' motion for a more definite statement and Dr. Curran's motions for summary judgment and motion to strike will be denied as moot.

Remaining Motions of the Hospital
The Hospital has separately moved for summary judgment on plaintiffs' EMTALA claim and has renewed its motion to dismiss, which was previously denied by the Court. The Hospital is entitled to summary judgment if it can show "that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Under Rule 56(e), in order to defeat a properly supported motion, plaintiffs may not simply rest upon the allegations of their complaint but must present affirmative evidence from which a jury might return a verdict in their favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Ultimately, the burden of proof is on the Hospital as the moving party and this Court will not grant summary judgment unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Foster v. Johns-Manville Sales Corp., 787 F.2d 390, 392 (8th Cir.1986).
In the present case, plaintiffs have alleged violations of 42 U.S.C. §§ 1395dd(a) and (c)(1)(A)(ii). Thus, to prevail on summary judgment, the Hospital must establish that no genuine issue of material fact exists under either provision. The Hospital contends that there is no genuine dispute as to (1) the fact that Helton received an "appropriate" medical screening examination within the capability of the Hospital's emergency department (42 U.S.C. § 1395dd(a)), and (2) the facts that Helton did not have an "emergency medical condition" at the time he was hospitalized and, even if he did, his condition was "stabilized" at the time of his discharge (42 U.S.C. § 1395dd(c)(1)(A)(ii)).
The evidence before the Court includes, among other things, Helton's hospital records, deposition testimony by Dr. Curran, affidavits by Helton's family members, and documents purporting to state the Hospital's policies and procedures for admitting and discharging patients. The Court finds that the evidence, particularly the hospital records, is inconclusive as to the factual issues identified above. In addition, the Court notes that documents obtained by plaintiff from the Hospital through discovery, including one which states "Patients with inadequate financial coverage will be discharged and referred to other resources," raises the possibility that this case involves precisely the type of "patient dumping" that EMTALA was designed to prevent. Upon review of the record as a whole, the Court therefore finds that there are genuine issues of material fact.
Alternatively, the Hospital argues that, under Missouri law, plaintiffs' federal claim is barred by sovereign immunity because EMTALA specifically refers to state law for the measure of damages available in a private action and it does not preempt state law except where there is a direct conflict between the state and federal laws. See 42 U.S.C. §§ 1395dd(d)(2)(A), (f). The Hospital relies on Mo.Rev.Stat. § 537.600 which provides sovereign immunity to public entities to the extent they have no insurance coverage. See State ex rel. Cass Medical Ctr. v. Mason, 796 S.W.2d 621, 623 (Mo.1990) (en banc).[4]
The preemption provision of EMTALA states
The provisions of this section do not preempt any State or local law requirement, except to the extent that the requirement directly conflicts with a requirement of this section.
42 U.S.C. § 1395dd(f). In this instance, the Court finds a direct conflict between the state doctrine of sovereign immunity relied upon by the Hospital and EMTALA. Directly on point is Power v. Arlington Hosp., 800 F.Supp. 1384, 1391-92 (E.D.Va.1992) (Power). In Power, the court held that a Virginia *792 statute limiting the liability of charitable hospitals to the lesser of their insurance coverage or one million dollars was preempted by EMTALA.[5] Noting that the touchstone of the preemption analysis is congressional intent, the Power court reasoned:
[A]pplication of the Virginia statute would impede the accomplishment and execution of the purposes underlying EMTALA, namely deterring "patient dumping" and compensating those who are unlawfully "dumped." ... Importing the limits of a charitable immunities statute into EMTALA would, in essence, allow states to limit EMTALA recoveries to very low, or even negligible levels, thus effectively undermining the purposes of the federal law.
Id. at 1392. The Power court's reasoning is equally applicable here. Moreover, the impact of giving effect to the Missouri sovereign immunity statute would be particularly invidious because the most likely patients to fall into the class of persons EMTALA was designed to protect are also more likely to seek emergency medical care at a public rather than a private hospital. Accordingly, the Hospital's motion for summary judgment and its renewed motion to dismiss will be denied.

ORDER
For the reasons set forth in the Memorandum filed on this date and incorporated herein, IT IS HEREBY ORDERED that Count I of the second amended complaint is sua sponte dismissed as to Dr. Curran.
IT IS FURTHER ORDERED that Dr. Curran's motion to dismiss Counts II and III for lack of subject matter jurisdiction is granted.
IT IS FURTHER ORDERED that plaintiffs' motion for a more definite statement is denied as moot.
IT IS FURTHER ORDERED that all of Dr. Curran's outstanding motions for summary judgment are denied as moot.
IT IS FURTHER ORDERED that Dr. Curran's motion to strike is denied as moot.
IT IS FURTHER ORDERED that the Hospital's motion for summary judgment is denied.
IT IS FURTHER ORDERED that the Hospital's renewed motion to dismiss is denied.
NOTES
[1] The Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd, was enacted by Congress as part of the Comprehensive Omnibus Budget Reconciliation Act of 1986 (COBRA).
[2] But cf. Sorrells v. Babcock, 733 F.Supp. 1189, 1193-94 (N.D.Ill.1990) (although plaintiff may not recover civil damages against physician, district court has subject matter jurisdiction over private action against physician which alleges violations of EMTALA).
[3] For district court's inherent authority to dismiss plaintiffs' claim sua sponte, see Smith v. Boyd, 945 F.2d 1041, 1042-43 (8th Cir.1991) (district court sua sponte may dismiss a complaint under Rule 12(b)(6) provided the dismissal does not precede service of process).
[4] In a previous order of this Court, plaintiffs' Missouri wrongful death claim against the Hospital was dismissed on sovereign immunity grounds. Helton v. Phelps County Regional Medical Ctr., 794 F.Supp. 332 (E.D.Mo.1992) (memorandum and order).
[5] The plaintiff in Power was seeking damages in excess of one million dollars.