918 F.Supp. 288 (1996)
Regina BAUCOM, Individually and as Next Friend of Jackie Buchanan and Linda Buchanan, and as Plaintiff Ad Litem for Muriel Buchanan, deceased, Plaintiff,
v.
DePAUL HEALTH CENTER, Defendant.
No. 4:95-CV-0250 CAS.
United States District Court, E.D. Missouri, Eastern Division.
February 7, 1996.
*289 *290 Philip C. Denton, Hullverson Law Firm, St. Louis, MO, Richard R. Kordenbrock, Myers and Kordenbrock, P.C., St. Louis, MO, for Plaintiff.
Kevin F. O'Malley, Stokes and O'Malley, St. Louis, MO, for Defendant.

MEMORANDUM AND ORDER
SHAW, District Judge.
This matter is before the Court on defendant DePaul Health Center's ("DePaul") motion to dismiss Count II of plaintiff's First Amended Complaint ("Amended Complaint"). In Count II, plaintiff, serving as plaintiff ad litem for her deceased daughter ("the decedent"), alleges that when the decedent went to DePaul's emergency department with a medical emergency, DePaul failed to provide her with an appropriate medical screening or a medical examination or treatment to stabilize her condition, in violation of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. §§ 1395dd et seq. (Supp. V 1993).[1] In Count II, pursuant to EMTALA's civil enforcement provision, the plaintiff seeks damages under the Missouri survivorship provisions, RSMo. §§ 537.020 et seq. (1994), for lost chance of recovery or survival.
DePaul moves to dismiss Count II on the grounds that (i) the plaintiff has filed the same claim for lost chance of recovery or survival in a pending state court action; (ii) this Court does not have jurisdiction over an EMTALA claim seeking damages for lost chance or recovery or survival; (iii) plaintiff seeks the identical damages in Count I and Count II of her Amended Complaint; and (iv) EMTALA does not permit damages for lost chance of recovery or survival as that cause of action exists under Missouri law. Plaintiff opposes the motion.
Standard of Review. When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true, construing the complaint and all reasonable inferences therefrom in a light most favorable to the plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir.1986). Therefore, "a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Id.
Discussion. The Emergency Medical Treatment and Active Labor Act requires participating hospitals to provide an "appropriate medical screening" to anyone seeking medical assistance in an emergency room. 42 U.S.C. § 1395dd(a) (Supp. V 1993). EMTALA also requires a hospital to stabilize a patient's emergency condition before discharging or transferring him or her to another facility, id. at § 1395dd(b)(1)(A), unless the transfer is medically required and can be done safely. Id. at §§ 1395dd(b)(1)(B), (c)(1). If a hospital fails to meet these requirements, EMTALA contains a civil enforcement provision which provides a harmed individual with a private right of action to recover those damages available for personal injury under the law of the state where the hospital is located. Id. at § 1395dd(d)(2)(A).
According to plaintiff's Amended Complaint, on or about February 12, 1993, at approximately 12:40 a.m., the decedent went to DePaul's emergency department with an emergency medical condition. The decedent was discharged from DePaul at approximately 8:00 a.m. without receiving an appropriate medical screening or a medical examination or treatment to stabilize her condition. The decedent died later that afternoon.
As a result of the decedent's death, plaintiff filed two-count complaints in both Missouri state court and this Court. In Count I of the state court suit, plaintiff, as an individual and as next friend of her two granddaughters, the decedent's daughters, seeks damages for wrongful death under RSMo. § 537.080 based on DePaul's, two individual physicians' and a personnel company's alleged negligence in treating the decedent on February 12, 1993. In Count II of the state *291 court suit, plaintiff, as plaintiff ad litem for her deceased daughter, seeks damages for lost chance of recovery of survival[2] based on the same defendants' alleged negligence in treating the decedent on February 12, 1993.
In this Court, Count I and Count II of plaintiff's Amended Complaint allege that after the decedent went to DePaul's emergency room, DePaul failed to provide her with an appropriate medical screening in violation of 42 U.S.C. § 1395dd(a) or that DePaul failed to provide her with a medical examination or treatment to stabilize her condition in violation of 42 U.S.C. § 1395dd(b)(1)(A).[3] Pursuant to EMTALA's civil enforcement provision, 42 U.S.C. § 1395dd(d)(2)(A), plaintiff seeks damages for wrongful death in Count I and damages for lost chance of recovery or survival in Count II as a result of the alleged violations of EMTALA.
The Court now turns to DePaul's arguments in support of its motion to dismiss.

a. Same Claim Pending in State Court.
DePaul moves to dismiss Count II of plaintiff's Amended Complaint on the grounds that plaintiff has also filed a claim for lost chance of recovery or survival in the state court action. In response, plaintiff asserts that the state court action is a suit for negligence and medical malpractice completely separate from a cause of action under EMTALA.
State law tort claims that allege a breach of a duty of care on the part of hospitals and physicians are entirely distinct from claims that allege violations of EMTALA. See Repp v. Anadarko Mun. Hosp., 43 F.3d 519, 522 (10th Cir.1994); Williams v. Birkeness, 34 F.3d 695, 696-97 (8th Cir. 1994); Helton v. Phelps County Regional Medical Ctr., 817 F.Supp. 789, 790 (E.D.Mo. 1993). In her state court action, plaintiff has alleged that DePaul and the other defendants failed to meet the relevant standard of care for health care providers under Missouri law. In contrast, in her Amended Complaint, plaintiff has alleged that DePaul violated EMTALA's statutory requirements. EMTALA is not a federal malpractice statute. Repp, 43 F.3d at 522 (citing cases). Therefore, plaintiff's parallel pursuit of actions for medical malpractice and for violations of EMTALA is both common and proper. See, e.g., Robinson v. Henry Ford Health Sys., 892 F.Supp. 176, 178 (E.D.Mich.1994).

b. Lack of Subject Matter Jurisdiction.
DePaul also moves to dismiss Count II of plaintiff's Amended Complaint on the grounds that this Court lacks federal subject matter jurisdiction under 28 U.S.C. § 1331 on an EMTALA claim for damages based on lost chance of recovery or survival. In response, plaintiff claims that because Missouri courts recognize a cause of action for lost chance of recovery or survival, those damages are recoverable under the EMTALA, and thus this Court has subject matter jurisdiction under 28 U.S.C. § 1331.
Federal district courts "have original jurisdiction of all civil actions arising under the ... laws ... of the United States." 28 U.S.C. § 1331 (1994). EMTALA is a federal statute enacted by Congress. Count II of plaintiff's Amended Complaint alleges that DePaul violated EMTALA and seeks damages for lost chance or recovery or survival. EMTALA's enforcement provision provides that any individual harmed as a direct result of a violation of EMTALA may bring a civil action against the hospital and obtain those damages available for personal injury under the law of the state where the hospital is located. 42 U.S.C. § 1395dd(d)(2)(A). DePaul is located in the State of Missouri. Missouri courts recognize a cause of action for lost chance of recovery. Wollen v. DePaul Health Ctr., 828 S.W.2d 681, 684-85 *292 (Mo. banc 1992). Therefore, this Court has subject matter jurisdiction over an EMTALA claim seeking damages for lost chance of recovery against a hospital in Missouri. See Delaney v. Cade, 26 F.3d 991, 991 (10th Cir.1994) (court acknowledges its jurisdiction over an EMTALA claim seeking damages for lost chance of recovery in Kansas after Kansas Supreme Court recognizes the existence of such a cause of action).

c. Double Recovery.
In addition, DePaul moves to dismiss Count II of plaintiff's Amended Complaint on the grounds that plaintiff seeks the identical damages in Counts I and II of her Amended Complaint. In response, plaintiff asserts that Counts I and II are alternative theories of liability and recovery which are properly plead in the alternative.
The Federal Rules of Civil Procedure provide that a party may set forth alternative theories of recovery based on the same set of facts. Fed.R.Civ.P. 8(e). In Count I of her Amended Complaint, plaintiff seeks damages for wrongful death. In Count II, plaintiff seeks damages for lost chance of recovery or survival. Although a plaintiff may not obtain a duplicative recovery, Fink v. DeClassis, 745 F.Supp. 509, 515 (N.D.Ill.1990), the plaintiff does not need to elect one remedy over another prior to final judgment. Weft, Inc. v. G.C. Inv. Assocs., 630 F.Supp. 1138, 1143 (E.D.N.C.1986), aff'd sub nom. Weft, Inc. v. Georgaide, 822 F.2d 56 (4th Cir.1987); Anderson v. W.R. Grace & Co., 628 F.Supp. 1219, 1234 (D.Mass.1986) ("plaintiffs are entitled to present alternative theories of liability to the jury, so long as appropriate instructions are given to prevent double recovery"). Therefore, at this stage of the litigation, plaintiff is entitled to maintain the alternative theories contained in Counts I and II of her Amended Complaint. See Fink, 745 F.Supp. at 515.

d. Lost Chance of Recovery Damages Not Available.
Finally, DePaul claims that damages for lost chance of recovery or survival are not available under EMTALA. DePaul contends that (i) EMTALA's civil enforcement provision requires that all damages claimed by a plaintiff must be the direct result of a violation of EMTALA; and (ii) under Missouri law, a cause of action for lost chance of recovery or survival exists to provide individuals with an opportunity to recover from a defendant when they lack direct proof that a defendant's conduct directly caused a plaintiff's damages. Thus, DePaul concludes that EMTALA does not allow a plaintiff to recover for lost chance of recovery or survival as that cause of action exists under Missouri law, because such a claim does not require direct causation as an element of proof. In response, plaintiff asserts that DePaul misreads both the Missouri Supreme Court's decision in Wollen v. DePaul Health Ctr., 828 S.W.2d 681 (Mo. banc 1992) and 42 U.S.C. § 1395dd(d)(2)(A).
In Wollen, the Missouri Supreme Court recognized that a cause of action exists for lost chance of recovery or survival under the Missouri survivorship statute, RSMo. § 537.020, when a doctor fails to adequately treat a serious injury or disease. Wollen, 828 S.W.2d at 684. The Court explained that in such a case the harm suffered is not the decedent's death but rather the decedent's lost chance of recovery, which still must be directly caused by the defendant's negligence.[4]Id. at 684-85.
The EMTALA civil enforcement provision does not state that the alleged injury must directly cause death. Rather, 42 U.S.C. § 1395dd(d)(2)(A) states that "any individual who suffers personal harm as a direct result of ... [a violation of EMTALA] ... may ... obtain those damages available for personal injury under the law of the State in which *293 the hospital is located...." 42 U.S.C. § 1395dd(d)(2)(A). Count II of the Amended Complaint alleges that the decedent directly suffered a lost chance or recovery or survival because of DePaul's violation of EMTALA. As such, in Count II plaintiff seeks to recover those damages expressly provided for under EMTALA.
Conclusion. Based on the foregoing, the Court concludes that it has jurisdiction over Count II of plaintiff's Amended Complaint and that DePaul's motion to dismiss Count II should be denied.
Accordingly,
IT IS HEREBY ORDERED that defendant DePaul's motion to dismiss Count II is DENIED. [Doc. 21]
IT IS FURTHER ORDERED that defendant DePaul's motions to strike and to dismiss plaintiff's original complaint are DENIED as moot. [Doc. 14, 15]
NOTES
[1] The caption of the Amended Complaint reflects that the plaintiffs are "Regina Baucom, et al." See Federal Rule of Civil Procedure 10(a).
[2] The Missouri Supreme Court has recognized a cause of action for lost chance of recovery of survival under certain circumstances. Wollen v. DePaul Health Ctr., 828 S.W.2d 681, 684-85 (Mo. banc 1992).
[3] Plaintiff's original complaint sought recovery from DePaul and the other parties named as defendants in the state court suit. Plaintiff later amended this action and named DePaul as the only defendant. Because plaintiff has filed an Amended Compliant, DePaul's two motions pending before this Court addressing issues with respect to plaintiff's initial complaint will be denied as moot.
[4] In recognizing a cause of action for lost chance of recovery or survival, the Missouri Supreme Court stated that "[t]his action will be limited to those cases in which the chance of recovery lost was sizeable enough to be material, which must be so found by the jury. In the event statistics constitute relevant evidence, the lost chance must also be statistically significant within applicable statistical standards." Wollen, 828 S.W.2d at 685 n. 3. The Court notes plaintiff has plead that the decedent suffered a "statistically significant reduction of her chance of surviving." See Amended Complaint, Count II, ¶ 4.