Isidra **PEREZ–BOURDON, Enys Gloria Muñiz, Enys Vazquez, and Manuel Muñiz, Plaintiffs,**

v.

**COMMONWEALTH OF PUERTO RICO and A, B and C Insurance Companies, Defendants.**

Civil No. 96–1559CCC.

United States District Court,
D. Puerto Rico.

Jan. 14, 1997.

A. Santiago–Villalonga, San Juan, PR, for Plaintiffs.

Mayra Maldonado–Colón, Rio Piedras, PR, for Defendants.

## ORDER

CEREZO, Chief Judge.

The Court has before it the Motion Requesting Relief of Judgment filed by plaintiffs on September 25, 1996 (**docket entry 10**). Judgment was entered in this case on August 21, 1996 after the Court granted the unopposed motion to dismiss filed by defendant Commonwealth of Puerto Rico (Commonwealth). In their motion for relief from judgment, plaintiffs claim that they were never notified with the dismissal motion filed by the Commonwealth. They also claim that it simply lacked merit. Having had now the benefit of plaintiffs' argumentation, we reaffirm our previous order of dismissal and DENY their motion under Fed.R.Civ.P. 60(b).

The Commonwealth based its dismissal request on the long-standing principles of Eleventh Amendment immunity. Plaintiffs claim, however, that the statute under which they brought suit, the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. section 1395dd, has abrogated the immunity of the States, and in this particular case of the Commonwealth, to be sued in federal court. They base their argument on the case of *Helton v. Phelps County Regional Medical Center*, 817 F.Supp. 789 (E.D.Mo. 1993), where the court found a direct conflict between the doctrine of sovereign immunity relied upon by the defendant state hospital in that case and EMTALA.

The Supreme Court has adopted a strict standard to evaluate claims that Congress has abrogated the States' sovereign immunity. Pursuant to it, "Congress may abrogate the states' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241–243, 105 S.Ct. 3142, 3147, 87 L.Ed.2d 171 (1985); *Port Authority Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 303–306, 110 S.Ct. 1868, 1872–1873, 109 L.Ed.2d 264 (1990). Guided by this principle, we have carefully looked into the EMTALA in order to find in it Congress' intent to override the guarantees of the Eleventh Amendment.

Section 1395dd(d)(2)(A) describes the remedies available to private parties for the violation of the Act. It provides:

Any individual ·who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against the participating hospital, obtain those damages available for personal injury under the law of the State in which the hospital is locat-

ed, and such equitable relief as is appropriate.

It is plainly evident that in this section Congress only enacted a general authorization for suit in federal court, which has been found not to be the kind of unequivocal statutory language sufficient to abrogate the Eleventh Amendment. *Atascadero,* 473 U.S. at 245–247, 105 S.Ct. at 3149. As the Court therein stated, "[w]hen Congress chooses to subject the States to federal jurisdiction, it must do so specifically." Id. But it failed to do so in EMTALA.

Plaintiffs have cited the decision in *Helton* as being controlling in this instance. The court in *Helton,* however, completely obviated the standard enunciated by the Supreme Court since *Atascadero,* entirely relying instead for its decision on a case which it called "directly on point," *Power v. Arlington Hosp.,* 800 F.Supp. 1384 (E.D.Va.1992). *Power,* nonetheless, did not involve an issue of sovereign immunity, as was clearly present in *Helton.* For this reason, we do not find the court's analysis in *Helton* to be persuasive, and decline to follow it.

Congress having failed to abrogate the Eleventh Amendment when it enacted EMTALA, as we have just concluded, the only other way in which the Commonwealth can be sued in federal court is if it has waived its Eleventh Amendment immunity. In this regard, the Supreme Court has explained that "in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal* court." *Atascadero,* 473 U.S. at 241, 105 S.Ct. at 3146–47 (emphasis in original). The Commonwealth, however, has consented to damage suits only in its courts. *See* 32 L.P.R.A. section 3077. Hence, there has been no waiver of its constitutional immunity either.

Given that neither has Congress abrogated the Commonwealth's immunity to be sued in federal court in EMTALA, nor has the Commonwealth voluntarily waived its immunity, the Eleventh Amendment stands as a bar to this action. Accordingly, the Motion Requesting Relief of Judgment (**docket entry 10**) is **DENIED.** The Motion Requesting Order Granting Motion Requesting Relief of Judgment (**docket entry 11**) is also **DENIED.**

**SO ORDERED.**