**Magda Socia LEBRON, Plaintiff,**

v.

**ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL, et al., Defendants.**

**Civil No. 96–2324(SEC).**

United States District Court, D. Puerto Rico.

Aug. 20, 1997.

Alberto Santiago–Villalonga, Nachman, Santiago, Guillemard & Carrión, Santruce, PR, for Plaintiff.

Rafael Fuster–Martínez, Ponce, PR, Francisco E. Colón–Ramírez, San Juan, PR, Pedro J. Córdova–Pelegrina, San Juan, PR, Ernesto F. Rodríguez–Suris, Hato Rey, PR, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Pending before the Court is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) filed by defendant University of Puerto Rico. (**Docket # 10**). In such motion, defendant contends that pursuant to the Eleventh Amendment, it is immune from suit in the federal court. Defendant further alleges that the immunity from suit in federal court supersedes EMTALA's federal claim jurisdiction since Congress did not expressly abrogate the Eleventh Amendment when it enacted such statute. Upon careful examination of the relevant facts and the applicable law, defendant's motion is **GRANTED.**

### Factual Background

On October 31, 1994, plaintiff Magda Socia Lebrón suffered a rear-end collision while driving her car, which prompted her to seek emergency medical attention. Plaintiff went to the Emergency room at Ashford Presbyterian Community Hospital ("Ashford") complaining of pain in her left hand and her neck. She consented to medical treatment. Plaintiff was evaluated by Dr. Carlos Alvarez Ruiz and Carlos Benitez Colon. The latter diagnosed her condition as a neck fracture and placed her on a soft neck brace. That same day, she was transferred to the Emergency Department of the Puerto Rico Medical Center, where she was allegedly told that she did not have a fracture nor serious condition in the neck area and could take off her neck brace. She was discharged at 10:40 p.m. from the Medical Center, in an allegedly stable condition.

The next day plaintiff was forced to seek further medical attention through the Automobile Accident Compensation Administration (ACAA) and on November 11, 1994, underwent an emergency surgical procedure to stabilize her spine. Afterwards she underwent another surgical procedure and required intensive rehabilitation therapy for about 3 months. She seeks damages against the Puerto Rico Medical Center, *inter alia*, for failing to adequately diagnose and stabilize plaintiff's severe spinal injury, in violation of EMTALA. On April 4, 1997, defendant University of Puerto Rico (U.P.R.) filed a motion to dismiss pursuant to the Eleventh Amendment. As noted above, defendant claims that the Eleventh Amendment shields University of Puerto Rico/Medical Center from the EMTALA claims.[1] We decide accordingly.

### Applicable Law/Analysis

The Eleventh Amendment reads:

> The judicial power of the United States shall not be construed to extend to any suit in law or in equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The First Circuit has consistently treated Puerto Rico as if it were a state for Eleventh Amendment purposes. *See, e.g., Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct and Sewer Authority,* 991 F.2d 935, 939 (1st Cir. 1993). Pursuant to this holding, the Court has repeatedly held that "whether a local entity 'is to be treated as an arm of the state partaking of the State Eleventh Amendment immunity, or is instead to be treated as a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend ... depends, at least in part, upon the nature of the entity created by state law.'" *Culebras Enterprises Corp. v. Rivera Rios,* 813 F.2d 506, 516–17 (1st Cir. 1986); (citing *Mt. Healthy City Board of Education v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977)). *See also In re San Juan Dupont Plaza Hotel Fire Litigation,* 888 F.2d 940 (1st Cir.1989).

█ Defendant alleges, and plaintiff does not dispute, the following facts: a) the UPR is a tax-exempt instrumentality of the Commonwealth of Puerto Rico since it effectuates

---

**1.** The UPR was joined based on the premise that the University District Hospital and the Puerto Rico Medical Center are part of the University of Puerto Rico. (Complaint, ¶2) We accept this allegation for purposes of this motion.

a public purpose. 18 L.P.R.A. § 612(f); b) the UPR is an instrumentality of the Commonwealth of Puerto Rico created to provide higher education services through certain institutional units among which the Medical Science Campus is included. Id., § 603(3); c) the UPR's budget is provided by the general revenues collected by the Government of Puerto Rico. Id., § 621a; d) the Board of Trustees ("Junta de Síndicos") of the UPR is composed of several members who are all appointed by the Governor with the advise and consent of the Senate of Puerto Rico. Id., § 602(a)(b)(1).

The First Circuit and this district have consistently held that the University of Puerto Rico is an instrumentality of the Commonwealth of Puerto Rico, in light of its financial and political dependence on the Commonwealth's government, thus making it an "arm" of the state entitled to Eleventh Amendment immunity. *Pinto v. Universidad De Puerto Rico,* 895 F.2d 18 (1st Cir. 1990); *Silva v. Universidad de Puerto Rico,* 834 F.Supp. 553, 556 (D.P.R.1993).

### EMTALA's Enactment Does Not Abrogate 11th Amendment

The Eleventh Amendment is necessarily limited by the enforcement provisions of § 5 of the Fourteenth Amendment, that is, by Congress' power to "enforce, 'by appropriate legislation,' the substantive provisions of the Fourteenth Amendment." *Fitzpatrick v. Bitzer,* 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976). Since the 11th Amendment implicates the fundamental constitutional balance between the Federal Government and the States, the Supreme Court has repeatedly held that in determining whether Congress, in exercising its Fourteenth Amendment powers, has abrogated the States Eleventh Amendment immunity, "an unequivocal expression of congressional intent to 'overturn the constitutionally guaranteed immunity of the several States' is required." *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 240, 105 S.Ct. 3142, 3146, 87 L.Ed.2d 171 (1985)(citing *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 98, 104 S.Ct. 900, 906, 79 L.Ed.2d 67 (1984)). By the same token, the Supreme Court has held that a State will be deemed to have waived its immunity "only where stated 'by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction.'" *Atascadero State Hospital,* at 239–240, 105 S.Ct. at 3146. (citing *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1361, 39 L.Ed.2d 662 (1974))

■ Pursuant to the above cited case law, this district court has recently held that EMTALA did not unequivocally override the Eleventh Amendment. In *Isidra Perez–Bourdon v. Commonwealth of Puerto Rico,* 951 F.Supp. 22, 24 (D.P.R.1997), the Court held that Section 1395dd(d)(2)(A) of EMTALA did not contain the unequivocal statutory language required to abrogate the Eleventh Amendment.

The statute reads, in pertinent part:

Any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against the participating hospital, obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate.

42 U.S.C.A. § 1395dd(d)(2)(A).

In analyzing this section the district court held that Congress only enacted a general authorization for suit, which did not constitute the kind of unequivocal statutory language sufficient to abrogate the Eleventh Amendment. *Perez–Bourdon,* 951 F.Supp. at 24. Thus, the Court concluded that Congress did not specifically ordain that all EMTALA claims be heard in federal court. Id.

Absent Congress' unequivocal expression to abrogate the Eleventh Amendment when it enacted EMTALA, the only other way in which the Commonwealth can be sued in federal court is if it has waived its Eleventh Amendment immunity. The court in *Perez–Bourdon* also pointed out that under 32 L.P.R.A. § 3077, the Commonwealth consents to damage suits only in its courts. *Id.* at 22. Given that no state statute or constitutional provision exists to specify the Commonwealth's intention to subject itself to suit

in federal court, the court held that no waiver of its constitutional immunity existed. *Id.*

Defendant argues, and this Court agrees, that since Congress has not unequivocally abrogated the states' sovereign immunity in enacting EMTALA, nor has the U.P.R./Medical Center waived its sovereign immunity to be sued in this forum for this claim, the Court lacks subject matter jurisdiction. In view of the above discussion, plaintiff's motion to dismiss is **GRANTED** and the complaint against the University of Puerto Rico is hereby **DISMISSED.** Partial judgment shall follow accordingly.

**SO ORDERED.**