Ana E. **GOMEZ VAZQUEZ**, Plaintiff,

v.

Hon. Luis F. **DIAZ COLON,**
et al., **Defendants.**

Civil No. 96–1203 (HL).

United States District Court,
D. Puerto Rico.

March 30, 2000.

---

Santiago Mari–Roca, Biaggi, Busquets & Mari Roca, Mayaguez, Victor M. Negron–Padilla, San Juan, PR, for Ana E. Gomez–Vazquez.

Elfrick Mendez–Morales, Department of Justice of PR, Federal Litigation Division, Elisa M. Figueroa–Baez, Hjalmar Flax, Luis R. Vivas–Ugartemendia, Department of Justice, Federal Litigation Division, San Juan, PR, for Luis F. Diaz–Colon, Hector R. Davila, Maria Del Carmen Villegas, Johndoe96CV1203.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court are the parties' various post-trial motions. In this political discrimination suit under 42 U.S.C. § 1983, a three-day jury trial was held on December 15–17, 1997. The jury returned a verdict in favor of Plaintiff Ana E. Gomez Vazquez ("Gomez"), awarding her both compensatory and punitive damages. The verdict was rendered *en masse* against the defendants in the case, without differentiating between them. The defendants are the mayor Yabucoa, Luis F. Diaz Colon ("Diaz"), and the Municipality of Yabucoa itself. Diaz is sued in both his official capacity and in his personal capacity. Subsequent to the entry of judgment on the basis of this verdict, Defendants filed motions requesting a new trial and/or remittitur.

The Court finds only two of Defendants' many arguments regarding the jury verdict and consequent judgment to be convincing. First, Defendants' argue that punitive damages can not issue against a municipality under the law of § 1983. Second, Defendants argue that the jury, in accordance with the jury instructions and the verdict form, improperly doubled the compensatory award under P.R. LAWS ANN. tit. 29, § 146 (1995) ("Law 100") and P.R. LAWS ANN. tit. 29, § 136 (1995) ("Law 382"). For reasons to follow, the Court hereby grants Defendants' motion for a new trial on both liability and damages.

### Discussion

In the jury's verdict, the jury awarded punitive damages in the amount of $250,-000. Unfortunately, both the jury instructions and the verdict form instructed the jury that it could award punitive damages against any or all of the defendants. This constitutes error.

 The law is well settled on the applicability of punitive damage awards against municipalities. The United States Supreme Court unequivocally held in *City of Newport v. Fact Concerts, Inc.,* 453 U.S.

247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." Because the jury was entitled to take into account the defendants' ability to pay in calculating punitive damages, *Id.* at 270, 101 S.Ct. 2748, the Court can only conclude that punitive damages of such a magnitude were the result of the jury's understanding of the Municipality of Yabucoa's ability to pay, in addition to that of Diaz. Thus, there was a "spillover effect" that resulted in a punitive damages award that would be improperly burdensome to Diaz alone.

Also well settled is the principle that "the municipality's immunity [from punitive damages] applies as well to suits against ... officers in [their] official capacity." *Hood v. City of Boston,* 891 F.Supp. 51, 53 (D.Mass.1995). See also, *Brandon v. Holt,* 469 U.S. 464, 471–72, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985) (holding that "under § 1983, ... a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents ...."). Thus, a municipal official sued in his official capacity can not be held liable for punitive damages. The fact that the jury awarded punitive damages against Diaz in his official and personal capacities again presents the risk of a spillover effect. The jury may well have increased the amount of the punitive award in consideration of the fact that Diaz was sued in his official capacity. The jury could have reasoned that the Municipality of Yabucoa, rather than Diaz himself, would pay such a judgment.[1]

■ In addition to the improper instructions on punitive damages, the Court erred with respect to the viability of Gomez' Law 100 and Law 382 claims. The law of Puerto Rico is clear with respect to Law 100's applicability to municipalities, officers sued in their official capacity, and individuals. The reach of Law 100 is narrowly confined both by the express language of its defini-

tional section and by case law. Law 100 only applies to "any employer." The term "employer" is defined as,

> any natural or artificial person employing laborers, workers or employees, and the chief, official, manager, officer, managing partner, administrator, superintendent, foreman, overseer, agent or representative of such natural or artificial person. *It shall include all such agencies or instrumentalities of the Government of Puerto Rico as may be operating as private businesses or enterprises.*

P.R. LAWS ANN. tit. 29, § 151 (1995) (emphasis added).

The Municipality of Yabucoa is not an instrumentality operating as a private business; Law 100 simply does not apply to municipalities. *Rodriguez Cruz v. Padilla Ayala,* 125 P.R. Dec. 486, 510–11 & n. 20 (1990). See also *Huertas Alicea v. Compañia de Fomento Recreativo,* 98 TSPR 147 (1998); *Marin–Piazza v. Aponte–Roque,* 873 F.2d 432, 436 (1st Cir. 1989).

As for Diaz in his official capacity, the same logic that dictates that § 1983 suits against municipal officers in their official capacity be considered suits against the municipality itself applies to Law 100 suits. Thus, Law 100 can not apply to a municipal officer sued in his official capacity any more than it can apply to a municipality. See *Brandon,* 469 U.S. at 471–72, 105 S.Ct. 873 (holding that "under § 1983, ... a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents ...."); *Rodriguez Cruz,* 125 P.R. Dec. at 510–11 & n. 20; *Huertas Alicea,* 98 TSPR 147.

■ Finally, Diaz is not subject to liability under Law 100 in his personal capacity, as he is not Gomez' employer in his personal capacity. *Jusino v. Zayas,* 875 F.2d 986, 993 (1st Cir.1989); *Marin–Piazza,* 873

---

1. To avoid a recurrence of these spillover effects at the new trial, the Court shall instruct the jury that punitive damages can only issue against Diaz in his personal capacity.

F.2d at 437; *Canabal v. Aramark Corporation,* 48 F.Supp.2d 94, 99 (D.P.R.1999); *Santiago v. Lloyd,* 33 F.Supp.2d 99, 104–05 (D.P.R.1998); *Figueroa v. Mateco, Inc.,* 939 F.Supp. 106, 107–108 (D.P.R.1996).

As for Gomez' Law 382 claims, an analysis similar to the one applicable under Law 100 applies. The Municipality of Yabucoa, as under Law 100, faces no liability under Law 382. The First Circuit speculated,[2] and the Puerto Rico Supreme Court later confirmed, that Law 100 and Law 382 are meant to be read *"in pari materia."* *Cardona Zayas v. Departamento de Recreacion y Deportes,* 129 P.R. Dec. 557, 568 (1991). See also *Huertas–Alicea,* 98 TSPR 147 (taking for granted that the statutory definition of employer made expressly applicable to Law 100 also applies to Law 382). Thus, any case law or statutory material that is applicable to one, is applicable to the other. *Id.* at 568–70. In attempting to divine the reach of the term "employer" as used in Law 382, then, one need only refer to the definition expressly made applicable to Law 100. See P.R. LAWS ANN. tit. 29, § 151 (1995); *Cardona,* 129 P.R. Dec. at 569–70. Accordingly, the logic used by the Court in applying the definition of "employer" in the Law 100 context applies with equal force in the Law 382 context; this logic dictates that neither the Municipality of Yabucoa nor Diaz in his official capacity face liability under Law 382.

Again, as with Law 100, Diaz is not subject to liability under Law 382 in his personal capacity. He is simply not Gomez' employer in his personal capacity. *Jusino,* 875 F.2d at 993; *Marin–Piazza,* 873 F.2d at 437.

In light of the foregoing, the Court hereby grants Defendants' motion for a new trial on both the issues of liability and damages under 42 U.S.C. § 1983. Further, Gomez' Law 100 and Law 382 claims are hereby dismissed. Finally, the Court's instructions to the jury shall make clear

that any punitive damages award must not apply to the Municipality of Yabucoa or Diaz in his official capacity.

A **pretrial and settlement conference** is hereby set for April 27, 2000 at 11:00 a.m. A **jury trial** shall take place on May 8, 2000 at 9:00 a.m.

**IT IS SO ORDERED.**

---

2. *Marin–Piazza,* 873 F.2d at 436.