**Dr. Roberto VIZCARRONDO**

v.

**BOARD OF TRUSTEES OF THE UNIVERSITY OF PUERTO RICO, et al.**

**No. CIV. 99–1225(DRD).**

United States District Court, D. Puerto Rico.

March 21, 2001.

Jorge A. Antongiorgi, Henry O. Freese–Souffront, Ruben T. Nigaglioni, McConnell Valdes, San Juan, PR, for defendants.

Roberto Vizcarrondo, San Juan, PR, pro se.

### OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the Court is defendants, Norman Maldonado, George Hillyer, Pedro Santiago and Fernando Gallardo's Motion to Dismiss filed on April 20, 2000. (Docket No. 31). The motion was duly opposed by plaintiff on June 26, 2000. (Docket No. 40). In the motion to dismiss, defendants aver that plaintiff's claims should be dismissed because: 1) plaintiff is barred from asserting a cause of action for monetary damages under the American with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"); 2) Eleventh Amendment immunity impedes plaintiff from maintaining a cause of action against the state, a state agency or a state official acting in his official capacity under 42 U.S.C. §§ 1981, 1981a, 1983 and 1988; and 3) plaintiff has failed to establish a cause of action against defendants for which relief can be granted under the ADA, ADEA, Title VII, §§ 1981, 1983, 1988 and Puerto Rico anti-discrimination laws. For the following reasons, defendants' Motion to Dismiss is **GRANTED in part** and **DENIED in part.**

### I. MOTION TO DISMISS STANDARD

When deciding a Motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) the Court must accept as true all well-pleaded factual claims, and indulge all reasonable inferences in the plaintiff's favor. *Doyle v. Hasbro, Inc.,* 103 F.3d 186, 190 (1st Cir.1996); *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). Dismissal is appropriate only when the facts alleged, taken as true, do not justify recovery for the plaintiff. Fed.R.Civ.P. 12(b)(6). Thus, in order to survive a motion to dismiss, plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988). Although all inferences must be made in the plaintiffs' favor, this court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson,* 83 F.3d at 3.

Moreover, when considering a motion to dismiss under Rule 12(b)(6) "our focus [must be] limited to the allegations of the complaint." *Litton Indus., Inc. v. Colón,* 587 F.2d 70, 74 (1st Cir.1978)(internal quotations omitted). Specifically, the inquiry

should be "whether a liberal reading of [the complaint] can reasonably admit of a claim ...." *Id.; see also Doyle,* 103 F.3d at 190. In *Wagner v. Devine,* 122 F.3d 53 (1st Cir.1997), the First Circuit held that a Court must "affirm a dismissal for failure to state a claim only if it clearly appears that, on the facts alleged, the plaintiff cannot recover on any viable theory." *Id.* at 55. The Supreme Court decades ago explained in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), that

> [i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Id.* at 45–46, 78 S.Ct. 99. With this standard in mind, all of the facts alleged in the complaint are accepted as true. *See Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir.1989); *Gooley,* 851 F.2d at 514. The Court will now address defendants' allegations.

## II. DISCUSSION

### A. Plaintiff's Claims Under the ADA and the ADEA Against the Board of Trustees and Other Named Defendants in Their Official Capacity

■ Defendants aver that plaintiff is barred from asserting claims under the ADA and ADEA against defendants, because such claims are foreclosed by Eleventh Amendment immunity. (Docket No. 31). The Court agrees. The Eleventh Amendment bars suits brought in federal courts for monetary damages against states, unless the state being sued waives its immunity or consents to be sued. *See e.g. Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The Supreme Court in the case of *Kimel v.*

*Florida Board of Regents,* 528 U.S. 62, 92, 120 S.Ct. 631, 650, 145 L.Ed.2d 522 (2000), held that "the ADEA does not validly abrogate the States' sovereign immunity." Further, the Supreme Court recently addressed the issue of the States' Eleventh Amendment immunity as applied to the ADA and concluded that "Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I." *Board of Trustees of Alabama v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 967, 148 L.Ed.2d 866 (2001).

■ The Commonwealth of Puerto Rico is considered a state for purposes of the Eleventh Amendment. *See Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct & Sewer Auth.,* 991 F.2d 935, 939 n. 3 (1st Cir.1993). Further, the First Circuit Court of Appeals and the District Court of Puerto Rico have consistently determined that the University of Puerto Rico is an instrumentality of the Commonwealth of Puerto Rico and as such is protected from suit in federal courts by the Eleventh Amendment. *See Pinto v. Universidad De P.R.,* 895 F.2d 18 (1st Cir.1990) ("University is an arm of the state within the purview of the Eleventh Amendment.... University cannot be held liable for damages is clear."); *Perez v. Rodriguez Bou,* 575 F.2d 21, 25 (1st Cir.1978) ("University is sufficiently an "arm" of the state, ... to be immune from damage suits under the Eleventh Amendment."). *Llewellyn–Waters v. University of Puerto Rico,* 56 F.Supp.2d 159 (D.P.R.1999); *Dogson v. University of Puerto Rico,* 26 F.Supp.2d 341, 343–44 (D.P.R.1998); *Amelunxen v. University of Puerto Rico.,* 637 F.Supp. 426, 434 (D.P.R.1986).

■ Moreover, contrary to what plaintiff avers in the opposition, the fact that the University has the power "[t]o sue and be sued," P.R. LAWS ANN. tit. 18,

§ 852f(13) (1993), does not strip the University of its Eleventh Amendment immunity. *See In re San Juan Dupont Plaza Hotel Fire Litig.*, 888 F.2d 940, 944–45 (1st Cir.1989). As stated in *Lebrón v. Ashford Presbyterian Community Hospital*, 975 F.Supp. 407, 409 (D.P.R.1997), "the Board of Trustees ("Junta de Sindicos") of the UPR is composed of several members who are all appointed by the Governor with the advise and consent of the Senate of Puerto Rico. Id., § 602(a)(b)(1)." Finally, the University of Puerto Rico is an instrumentality of the Commonwealth of Puerto Rico, in light of its financial and political dependence on the Commonwealth's government, thus making it an "arm" of the state entitled to Eleventh Amendment immunity. *Pinto v. Universidad De Puerto Rico*, 895 F.2d 18 (1st Cir.1990); *Silva v. Universidad de Puerto Rico*, 834 F.Supp. 553, 556 (D.P.R.1993).

■ Similarly, defendants Norman Maldonado, President of the University of Puerto Rico, George Hillyer, Chancellor of the University of Puerto Rico, Pedro Santiago, Chancellor of the University of Puerto Rico, and Fernando Gallardo, Chancellor of the University of Puerto Rico Regional Colleges Administration, are also shielded from liability by the state's Eleventh Amendment immunity when sued in their official capacities. *See Suárez Cestero v. Pagán Rosa*, 996 F.Supp. 133, 142 (D.P.R.1998). Therefore, plaintiff's causes of action against the Board of Trustees and other co-defendants in their official capacities under the ADA and the ADEA for monetary damages must be **DISMISSED.**

The only remaining claims under the ADA and ADEA against the Board of Trustees and other named co-defendants in their official capacity are the ones seeking equitable relief (requesting "hiring, promotion and tenure" from defendants). Equitable relief is an authorized remedy, notwithstanding Eleventh Amendment barring applicability of ADA and ADEA to the states under *Kimel*, 528 U.S. at 92, 120 S.Ct. at 650 and *Garrett*, 531 U.S. 356, 121 S.Ct. 955, 967.[1]

**B. The Title VII Claim**

"The Supreme Court has held that damages actions may be maintained under Title VII against a state, reasoning that Title VII's express authorization of damages actions against a state abrogates the eleventh amendment barrier." *Lipsett v. University of Puerto Rico*, 864 F.2d 881, 885 (1st Cir.1988) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976)). However, plaintiff has failed to plead a cause of action against defendants under Title VII.

Pursuant to Rule 12(b)(6), in order to survive a motion to dismiss, plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988). "[P]laintiffs [cannot] skirt their failure to earmark half-truths by hiding the procedural swaddling of Rule 12(b)(6)." *Gooley*, 851 F.2d at 514. Moreover, "[a]lthough the pleading threshold is low, 'it is real-and it is the plaintiff's burden to take the step which brings this case safely into the next phase of the litigation."

---

1. *"Ex parte Young* allows a way around the bar to federal jurisdiction erected by the Supreme Court's Eleventh Amendment jurisprudence only in cases where prospective declaratory or injunctive relief is sought under federal law.... The *Ex Parte Young* doctrine does not apply in cases where plaintiffs seek monetary relief for past violations of federal law, regardless of whether the party the plaintiffs seek to designate as a defendant is nominally a state officer sued in his official capacity." *Mills v. Maine*, 118 F.3d 37, 54 (1st Cir.1997) (citations omitted).

*Royal Business Group, Inc.*, 933 F.2d at 1065 (citing *Gooley*, 851 F.2d at 514).

■ "Complaints based on civil rights statutes **must** do more than state simple conclusions; they must at least outline facts constituting the alleged violation." *Fisher v. Flynn*, 598 F.2d 663, 665 (1st Cir.1979) (emphasis added). The plaintiff must allege enough facts, which at the very least give rise to an inference of discriminatory animus. *See Dewey v. University of New Hampshire*, 694 F.2d 1, 3 (1st Cir.1982). Broadly speaking, Title VII outlaws discrimination based on race, color, religion, gender, or national origin. *See* 42 U.S.C. § 2000e. However, nowhere in the complaint or plaintiff's opposition is there any averment from the part of plaintiff that defendants discriminated against him on the basis of race, color, religion, gender, or national origin—the practices outlawed by Title VII. *See* 42 U.S.C. § 2000e–2(a). Further, nowhere in the complaint does plaintiff clearly establish which of the different categories of discrimination addressed in 42 U.S.C. § 2000e–2(a), he has been a victim of on the part of defendants.

Even if the Court identifies a cause of action for on any of the types of discrimination outlawed by Title VII, the Court must conclude that plaintiff has failed to plead enough facts to establish a prima facie case under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), burden shifting framework for race, color, religion, gender or national origin discrimination.[2] Therefore, since this Court "is neither to 'credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation,'" plaintiff's Title VII claim must be **DISMISSED**.[3] *Washington Legal Found. v. Massachusetts Bar*

---

2. When there is no indication of the existence of direct evidence in a case, a plaintiff is required to proffer sufficient facts to comply with a prima facie case of discrimination as set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 276–77, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1984); *Fernandes v. Costa Bros. Masonry*, 199 F.3d 572, 581–83 (1st Cir.1999).

3. It is worthy to note that the entire case is plagued with potential issues of Res Judicata and Collateral Estoppel not only as to Title VII, ADA, ADEA, §§ 1981 and 1983, but as to other claims that could have been pursued. The First Circuit Court of Appeals has explained that "a final judgment on the merits of an action **precludes the parties or their privies** from relitigating claims that were raised or could have been raised in that action." *Apparel Art International, Inc. v. Amertex Enterprises Ltd.*, 48 F.3d 576 (1st Cir. 1995), quoting *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (Emphasis added). The First Circuit has also held that "res judicata operates as an absolute bar to the relitigation of the same cause of action between parties (or their privies) and that a prior judgment rendered on the merits is conclusive not only to the issues which were determined **but as to all matters which might have been determined as well.**" *Westcott Construction Corp.*, 996 F.2d 14, 16 (1st Cir.1993) (quoting *Griffin v. State of R.I.*, 760 F.2d 359, 360 (1st Cir.1985)) (emphasis ours). (*See Johnson v. SCA Disposal Servs. Inc.*, 931 F.2d 970, 974 (1st Cir.1991)). Even if the claims were founded strictly under Puerto Rican law, preclusion includes "claims that were raised or could have been raised." *Colon Padilla v. San Patricio Corp.*, 81 D.P.R. 242, 264, 1959 WL 13595 (1959); *Perez v. A.F.F.*, 87 D.P.R. 118, 1963 WL 15028 (1963); *Rodriguez Rodriguez v. Colberg Comas*, 131 D.P.R 10, 1992 WL 755578 (1992); *Molina v. Sea-Land Services, Inc.*, 2 F.Supp.2d 180, 181–83 (D.P.R.1997). Plaintiff's complaint states that on July 1, 1996, plaintiff filed Case No. 96–1799(HL) with this Court. The Court dismissed plaintiff's Title VII, ADA, ADEA, § 1981 and § 1983 claims against the same defendants *with prejudice*. Subsequently, the United States Court of Appeals for the First Circuit dismissed plaintiff's appeal and affirmed the district court opinion. *See Vizcarrondo v. Board of Trustees of the University of Puerto Rico*, 132 F.3d 31, 1997 WL 755114 (1st Cir.1997).

*Found.*, 993 F.2d 962, 971 (1st Cir.1993) (citing *United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir.1992)).

## C. The Retaliation Claim

Plaintiff avers that defendants denied plaintiff's applications for employment (re-hiring) with the University between July–August 1998, October 1998 and September 1998–January 1999, in retaliation for the filing of EEOC charges and the "filing [of a] Title VII/ADA/ADE case in this court." (Docket No. 1). Plaintiff was previously discharged from employment with the University in 1990. (Docket No. 1). Section 704(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3(a), in pertinent part provides: "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment ... because he has opposed any practice made an unlawful employment practice by this subchapter ..." The ADA anti-retaliation provision states:

> "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this chapter."

42 U.S.C. § 12203. Similarly, ADEA makes it unlawful "for an employer to discriminate against any of his employees ... because such individual ... has opposed any practice made unlawful by this section ..." 29 U.S.C. § 623(d).

---

**4.** The First Circuit has analogized the ADA and ADEA to the Title VII context, "in requiring a plaintiff that is bringing a claim of retaliation to show: (1) that he or she was engaged in protected conduct; (2) that he or she was discharged, and; (3) that there was a casual connection between the discharge and the conduct." *Sifre*, 38 F.Supp.2d at 102.

In *Mesnick v. General Electric,Co.*, 950 F.2d 816 (1st Cir.1991), the Court stated that the analytical framework for ADEA discrimination and retaliation cases was patterned after the framework for Title VII cases, and the precedents are largely interchangeable. *See, Hazel v. U.S. Postmaster General*, 7 F.3d 1, 3–4 (1st Cir. 1993). Therefore, the Court will apply the *McDonnell Douglas* framework and a unified retaliation analysis to plaintiff's claims under Title VII, ADA and ADEA.

Since there is no direct evidence of retaliatory animus in this case, plaintiff must establish a prima facie case in order to assert a cause of action for retaliation. *See Price Waterhouse*, 490 U.S. at 276–77, 109 S.Ct. at 1775. Generally, the basis of a retaliation prima facie case under Title VII, ADA and ADEA "is that plaintiff engaged in conduct protected by the Constitution or by statute, the defendant took an adverse action against the plaintiff, and this adverse action was taken (at least in part) because of the protected conduct." [4] *Sifre v. Department of Health*, 38 F.Supp.2d 91, 101 (D.P.R.1999) (citing *Thaddeus–X v. Blatter*, 175 F.3d 378, 386–87 (6th Cir.1999)). *See* 42 U.S.C. § 2000e et seq. Plaintiff always bears the burden of establishing prima facie case based on the aforesaid elements. *See Fennell v. First Step Designs, Ltd.*, 83 F.3d 526, 535 (1st Cir.1996).

As previously stated, plaintiff avers having been retaliated against by defendants based on denials of his applications for employment with the University, because of the filing of his three EEOC

---

*See Soileau v. Guilford of Maine, Inc.*, 105 F.3d 12, 16 (1st Cir.1997). In addition, protected conduct in the Title VII context that has been found to include the filing of an EEOC charge, the filing of an informal complaint to management and requesting a reasonable accommodation. *See id.*

charges and the filing of the above captioned complaint with this Court. (Docket No. 1). The Court, upon first impression is led to find that plaintiff has pleaded enough facts to establish a prima facie case of retaliation. Plaintiff engaged in protected activity by filing the EEOC charge and the above captioned case and has pleaded sufficient facts "either direct or inferential" to establish a causal link between the denial of his job applications and the filing of the complaints with the EEOC and this Court. *Gooley*, 851 F.2d at 515. Additionally, the facts presented raise issues of motive and intent as to the grounds for defendants' denial of plaintiff's job applications. Therefore, plaintiff may go forward with his retaliation claims.

## D. Plaintiff's Claims Against Co-defendants in their Personal Capacity Under the ADA, ADEA and Title VII

■ This Court has previously addressed the issue of individual liability under the ADA, ADEA and Title VII and held that

"The First Circuit Court of Appeals and the Supreme Court have yet to decide this issue of individual liability of supervisors. *See e.g. Serapion v. Martinez,* 119 F.3d 982, 992 (1st Cir.1997) (circuit has not resolved issue and declined to address); *see also Scarfo v. Cabletron Systems, Inc.,* 54 F.3d 931, 951–952 (1st Cir.1995) (similar). This district, and in particular the undersigned, has followed the majority of circuits that have confronted this issue holding that no personal liability can attach to agents and supervisors under Title VII, [ADA] or ADEA."

*Julia v. Janssen, Inc.,* 92 F.Supp.2d 25, 28–29 (D.P.R.2000) (citing *Diaz v. Antilles*

*Conversion & Export, Inc.,* 62 F.Supp.2d 463, 465 (D.P.R.1999) (DRD) (ADEA)). *See Vicenty Martell v. Estado Libre Asociado de P.R.,* 48 F.Supp.2d 81, 87 (D.P.R. 1999)(SEC) (ADA and ADEA); *Sifre v. Department of Health,* 38 F.Supp.2d 91, 105–106 (D.P.R.1999) (JP) (ADA and Rehabilitation Act); *Figueroa v. Fajardo,* 1 F.Supp.2d 117, 120 (D.P.R. 1998)(RLA)(ADA); *Rivera Rodriguez v. Police Dep't of P.R.,* 968 F.Supp. 783, 785–786 (D.P.R.1997) (JP)(ADA); *Moreno v. John Crane, Inc.,* 963 F.Supp. 72, 76 (D.P.R.1997) (SEC)(ADA); *Figueroa v. Mateco, Inc.,* 939 F.Supp. 106, 107 (D.P.R. 1996)(PG) (ADEA); *Hernandez v. Wangen,* 938 F.Supp. 1052, 1063–65 (D.P.R. 1996) (HL) (Title VII); *Anonymous v. Legal Serv. Corp.,* 932 F.Supp. 49, 50–51 (D.P.R.1996) (PG)(ADA); *Flamand v. American Int'l Group, Inc.,* 876 F.Supp. 356, 361–64 (D.P.R.1994) (HL) (ADEA); *see also Meara v. Bennett,* 27 F.Supp.2d 288, 290 (D.Mass.1998) (ADA); *Miller v. CBC Companies, Inc.,* 908 F.Supp. 1054, 1065 (D.N.H.1995) (ADA); *see generally Montez v. Romer,* 32 F.Supp.2d 1235, 1241 (D.Colo.1999) (Rehabilitation Act); *Baublitz v. California,* No. C98–434 CRB, 1998 WL 427444 at * 1 (N.D.Cal. July 27, 1998) (Rehabilitation Act); *Huck v. Mega Nursing Servs., Inc.,* 989 F.Supp. 1462, 1464 (S.D.Fl.1997) (Rehabilitation Act). Therefore, Plaintiff's ADA, ADEA and Title VII claims against co-defendants in their individual capacity must be **DISMISSED.**[5]

## E. Plaintiff's §§ 1981, 1981a, 1983 and 1988 Claims Against the Board of Trustees and Named Defendants in their Official Capacity

■ As to plaintiff's section 1983 cause of action against the Board of Trustees and other named defendants in their

---

**5.** Further, plaintiff has also failed to plead facts showing exhaustion of administrative remedies at the EEOC level as to some of the named defendants in their individual capacity.

official capacity, "[i]t is well settled 'that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action.'" *Wang v. New Hampshire Board of Registration in Medicine*, 55 F.3d 698, 700 (1st Cir.1995) (citing *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir.1991)) *See Kaimowitz v. Board of Trustees, University of Illinois*, 951 F.2d 765, 767 (7th Cir.1991) (holding that neither a state or its "alter ego" (university) is a person for purposes of section 1983). "This is so because § 1983 did not abrogate an unconsenting state's Eleventh Amendment immunity from being sued in damages in federal court." *Vicenty–Martel v. Estado Libre Asociado De Puerto Rico*, 48 F.Supp.2d 81, 92 (1999). Similarly, sections 1981 and 1988, do not contain congressional abrogations to a State's Eleventh Amendment immunity.[6] *See Silva v. Universidad de Puerto Rico*. 817 F.Supp. 1000, 1005–06 (D.P.R. 1993) (dismissing all of plaintiff's §§ 1981, 1983 and 1988 claims). The Court need not go further. Accordingly, plaintiff's §§ 1981, 1983 and 1988 claims against the Board of Trustees and all named defendants in their official capacities must be **DISMISSED.**

## F. Plaintiff's §§ 1981, 1983 and 1988 Claims Against Named Defendants in their Individual Capacity

 "Section 1983 expressly embraces actions to redress 'deprivation[s, under color of state law,] of ... rights, privileges, or immunities secured by the Constitution.'" *Pontarelli v. Stone*, 930 F.2d 104, 114 (1st Cir.1991). It is well settled that in order for a claim to be cognizable under section 1983, a plaintiff must plead and prove three elements: (1) that the defendant acted under color of state law, *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); (2) that the plaintiff was deprived of federally protected rights, privileges, or immunities, *Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); and (3) that the defendant's alleged conduct was causally connected to the plaintiff's deprivation, *Gutierrez–Rodriguez v. Cartagena*, 882 F.2d 553, 558 (1st Cir.1989); *Rizzo v. Goode*, 423 U.S. 362, 370, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).[7] It has been established that plaintiffs must "avoid tarring defendants' reputations unfairly" and that in order to "prevent potential abuses, [courts] have consistently required plaintiffs to outline facts sufficient to convey specific instances of unlawful discrimination." *The Dartmouth Review*, 889 F.2d at 16.[8] Hence, to succeed in a section 1983

---

6. For Eleventh Amendment purposes, the University of Puerto Rico, the Board of Trustees and other named defendants in their official capacities are considered "arms of the state." *Suarez Cestero*, 996 F.Supp. at 142 (quoting *Culebras Enterprises Corp. v. Rivera Rios*, 813 F.2d 506, 516 (1st Cir.1987)).

7. Previously this Court held "that the ADEA and the ADA respectively provide comprehensive exclusive remedies for age and disability discrimination, and that, therefore, a state government employee may not bring suit under § 1983, premised on the deprivation of the rights provided by those statutes, unless, as suggested by the Fifth Circuit, he or she alleges facts which will independently support a § 1983 claim." *Vicenty Martell v. Estado Libre Asociado de Puerto Rico*, 48 F.Supp.2d

81, 90–91 (D.P.R.1999). However, as to Title VII claims, "the First Circuit has held that a sexual harassment plaintiff may present his or her claim under Title VII or § 1983." *Id. See Lipsett*, 864 F.2d at 895–96 (permitting concurrent causes of action for employment discrimination under Title VII and § 1983).

8. It has been established that "[o]ne who asserts that governmental action violates the Equal Protection Clause must show that he or she is the victim of intentional discrimination." *Vicenty Martell*, 48 F.Supp.2d at 90 (citing *Judge v. City of Lowell*, 160 F.3d 67, 75 (1st Cir.1998)). In addition, "because the right to government employment per se is not a fundamental right, *see Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 313, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976), and be-

action, plaintiffs must prove that defendants' actions were a cause in fact or a proximate cause of plaintiff's injury. *See Collins v. City Harker Heights*, 503 U.S. 115, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); *Voutour v. Vitale*, 761 F.2d 812, 820 (1st Cir.1985).

 Additionally, section 1983 does not recognize the theory of *respondeat superior* liability. *See Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Sanchez v. Alvarado*, 101 F.3d 223, 227 (1st Cir.1996) (citing *Gutierrez–Rodriguez v. Cartagena*, 882 F.2d 553, 562 (1st Cir. 1989)). Supervisors can only be found liable for their own acts or omissions and not through the actions or omissions of their agents or employees. *See Sanchez*, 101 F.3d at 227 (citing *Gutierrez–Rodriguez*, 882 F.2d at 562); *see also Febus–Rodriguez v. Betancourt–Lebron*, 14 F.3d 87, 91–92 (1st Cir.1994). "It must be shown that the supervisor's conduct or inaction amounted to a reckless or callous indifference to the constitutional rights of others." *Gutierrez–Rodriguez*, 882 F.2d at 562. Finally, there must be an affirmative link between the street-level misconduct, and the action, or inaction, of supervisory officials "in that it could be characterized as 'supervisory encouragement, condonation or acquiescence' or 'gross negligence amounting to deliberate indifference.'" *Id.* (citing *Lipsett* 864 F.2d at 902). A defendant supervisor may also be held liable under section 1983, whenever he or she knew or should have known of the alleged misconduct, and yet failed to take action to prevent future harm. The Court, after engaging in a liberal reading of the complaint, taking the alleged facts as true and indulging all reasonable inferences in favor of plaintiff, finds that plaintiff has plead sufficient facts to establish a cause of action under section 1983 against named defendants based on a Retaliation claim under Title VII, ADA, ADEA as previously stated.[9]

 As to plaintiff's section 1981 claims, the Court finds that plaintiff has failed to state a claim against defendants. "Section 1981 proscribes intentional discrimination based on race."[10] *Alexis v. McDonald's Restaurants of Massachusetts*, 67 F.3d 341 (1st Cir.1995). *See Gen-*

---

cause neither the aged nor the disabled are a suspect class, *see Gregory v. Ashcroft*, 501 U.S. 452, 470, 111 S.Ct. 2395, 115 L.Ed.2d 410 (1991); *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 445, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985), plaintiff's equal protection claim is subject to a rational basis analysis." *Id.*

9. Plaintiff asserts that defendants "failed to establish or publish a policy regarding misuse of medical records and inquiries or regarding discrimination on the basis of age, disability or gender in the university or regarding retaliation because of opposition to unlawful employment and research practices at UPR and/or have failed to enforce said policy, in providing any effective method, whereby said misuse, discrimination or retaliatory action could be remedied promptly and effectively through the grievance and appellate procedures of the university." (Docket No. 1).

Plaintiff also avers that "defendants have approved and ratified the conduct of their predecessors in office and the conduct of other UPR officials towards the plaintiff." (Docket No. 1). *More importantly*, plaintiff alleges that defendants were personally involved in the violation of his constitutional and statutory rights. (Docket No. 40).

10. Section 1981(a) provides:

"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a).

*eral Building Contractors Association v. Pennsylvania,* 458 U.S. 375, 391, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835 (1982). However, plaintiff has failed to plead any facts supporting a theory of race-based discrimination from the part of defendants in making and enforcing contracts. *See* 42 U.S.C. § 1981(a). Accordingly, plaintiff's claims against defendants under section 1981 must be **DISMISSED.**

## G. Local Claims

■■■ "Puerto Rico's sovereign immunity under the Eleventh Amendment serves to bar plaintiff's claims under [Law 1 (18 P.R. LAWS ANN. § 601), Law 100, (29 P.R. LAWS ANN. § 146),] Law 17 (29 P.R. LAWS ANN. § 155) and Article 1802 of the Puerto Rico Civil Code (31 P.R. LAWS ANN. § 5141)" for damages in federal court. *Nogueras v. University of Puerto Rico,* 890 F.Supp. 60, 64 (D.P.R. 1995); *Amelunxen,* 637 F.Supp. at 426. "The Eleventh Amendment has been construed to guard a state and 'arms of the state' against claims brought in federal court by citizens of that or any other state." *Id.* As previously stated, the University of Puerto Rico is an instrumentality of the Commonwealth of Puerto Rico and as such is protected from suit in federal courts by the Eleventh Amendment.[11] *See Pinto,* 895 F.2d at 18 ("University is an arm of the state within the purview of the Eleventh Amendment.... University cannot be held liable for damages is clear."); *Perez,* 575 F.2d at 25; *Llewellyn–Waters,* 56 F.Supp.2d at 159.

Additionally, plaintiff's local claim under Law 100 must be dismissed for "Law 100 does not apply to non-profit government instrumentalities as is the U.P.R." *Dogson,* 26 F.Supp.2d at 342. As stated by this Court in *Dogson,* the University of Puerto Rico

> "[D]oes not operate as a private business or enterprise. Only government agencies and instrumentalities functioning as 'private business or enterprises' are within the scope of Law 100. Defendant does not operate as a private business or enterprise; the U.P.R. is a non-profit organization. As a non-profit organization, it renders public services directed towards offering higher education to the people of Puerto Rico. Therefore, Defendant is a non-profit government instrumentality not under the scope of Law 100."

*Id.* at 342. Thus, plaintiff's claims against the University and named defendants in their official capacity for damages must be DISMISSED. However, since Law 17 "permit[s] the court to order injunctive relief, including hiring, promoting, or reinstating the employee, and desisting from the unlawful discriminatory acts," plaintiff may go forward with his official capacity claims for injunctive relief under Law 17.[12] *Nogueras,* 890 F.Supp. at 65.

■■■ As to plaintiff's local claims against named defendants in their personal capacity, the Puerto Rico Supreme Court recently found that under Puerto Rico Law Nos. 17 and 100, an agent, official, administrator or supervisor of a busi-

---

**11.** "Although a Puerto Rican statute authorizes tort actions against defendants, sovereign immunity likewise precludes federal jurisdiction over a tort action for damages against the government of Puerto Rico." *Dogson v. University of Puerto Rico,* 26 F.Supp.2d 341, 342 (D.P.R.1998) (citing *Litton Industries, Inc. v. Hernandez Colon,* 587 F.2d 70 (1st Cir.1978)).

**12.** Plaintiff also asserted a cause of action against all defendants pursuant to Law 96, 29 P.R. Laws Ann. § 245w. As defendant correctly point out, Law 96 was repealed by Law 180 of July 27, 1998. Plaintiff's claim was filed on March 3, 1999, almost a year after Law 96 was repealed. Therefore, the Court hereby **DISMISSES** plaintiff's claims against defendants under Law 96.

ness *can* be found personally liable for violations of the aforementioned laws should certain conditions be met as to the individual defendants. *Rosario Toledo v. Distribuidora Kikuet, Inc.,* —— D.P.R. ——, 2000 WL 943550 at *5 (P.R.2000). However, named defendants cannot be sued in their personal capacity under Law 100, because they are not plaintiff's employers in their personal capacity. *See Gomez Vazquez v. Diaz Colon,* 91 F.Supp.2d 481, 483–84 (D.P.R.2000); *Jusino v. Zayas,* 875 F.2d 986, 993 (1st Cir. 1989). Therefore plaintiff's Law 100 claim against named defendants in their personal capacity must be **DISMISSED.**

■ Additionally, although plaintiff may assert a cause of action under Law 17 against defendants in their personal capacity, defendants assert that plaintiff's claim under Law 17 must be dismissed based on the doctrines of Res Judicata and Collateral Estoppel.[13] As previously stated by the Court, on July 1, 1996, plaintiff filed Case No. 96–1799(HL) against defendants. The Court dismissed plaintiff's Law 17 claim *with prejudice.* Subsequently, the United States Court of Appeals for the First Circuit dismissed plaintiff's appeal and affirmed the district court opinion. *See Vizcarrondo v. Board of Trustees of the University of Puerto Rico,* 132 F.3d 31, 1997 WL 755114 (1st Cir.1997). Hence, plaintiff is barred from re-litigating his sexual harassment claim under Law 17. *See Apparel Art International, Inc. v. Amertex Enterprises Ltd.,* 48 F.3d 576 (1st Cir.1995) ("[A] final judgment on the merits of an action **precludes the parties or their privies** from relitigating claims that were raised or could have been raised in that action.").[14] Accordingly, plaintiff's Law

17 claim against defendants in their personal capacity must be **DISMISSED.**

As to plaintiff's Law No. 1 charge against named defendants in their individual capacity, the Court finds that plaintiff has failed to plead any facts that would establish a cause of action against them. Therefore, plaintiff's claims against named defendants in their personal capacity under Law Nos. 1 is hereby **DISMISSED.** The only remaining personal capacity claim against defendants that survives is the Article 1802 charge for intentional tort.

## CONCLUSION

Based on the aforementioned reasons, defendants' motion to dismiss is hereby **GRANTED in part** and **DENIED in part.** The following claims are **DISMISSED with prejudice:**

1) Plaintiff's claims against the Board of Trustees and named defendants in their official and personal capacity under Title VII and § 1981;

2) Plaintiff's monetary claims under the ADA and ADEA against the Board of Trustees and named defendants in their official capacity;

3) Plaintiff's claims against named defendants in their personal capacity under the ADA and ADEA;

4) Plaintiff's claims against the Board of Trustees and named defendants in their official and personal capacity under Law 96 and Law No. 100;

5) Plaintiff's claims against the Board of Trustees and named defendants in their official capacity for monetary damages under Law No. 1 and Law No. 17;

---

**13.** Plaintiff has not provided any facts, case law or allegations in the opposition to counter defendants' averments.

**14.** The Court must reach the same result under federal or state causes of action. *See Molina,* 2 F.Supp.2d at 181–83.

6) Plaintiff's claims against named defendants in their individual capacity under Law 17; and

7) Plaintiff's claims against the Board of Trustees and named defendants in their official capacity under Article 1802.

Plaintiff's claims under Law No. 1 against the Board of Trustees and named defendants in their personal capacity are **DISMISSED without prejudice.**[15]

**IT IS SO ORDERED.**

---

**15.** The Court will refrain from issuing a partial judgment at this time. The First Circuit strongly disfavors partial judgments as they foster piecemeal appeals. *See Nichols v. Cadle Co.,* 101 F.3d 1448, 1449 (1st Cir.1996) ("piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."); *Zayas–Green v. Casaine,* 906 F.2d 18, 21 (1st Cir.1990) ("This final judgment rule ... furthers the 'strong congressional policy against piecemeal review.' ")