Ramonita RODRIGUEZ
SOSTRE, Plaintiff,

v.

MUNICIPIO De CANOVANAS,
et al, Defendants.

CIVIL NO. 99–2094(JAG).

United States District Court,
D. Puerto Rico.

April 26, 2002.

Robert Millan, Nora Vargas–Acosta, Rio Piedras, PR, for Plaintiff.

Miguel A. Pagan–Rivera, Rafael Sanchez–Hernandez, Francisco San–Miguel–Fuxench, Maria J. Surillo, Department of P.R. Federal Litigation Division, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

In the process of preparing the jury instructions and the verdict forms in this case, the Court was confronted with the issues of (1) punitive damages, (2) individual liability under Title VII, and (3) the applicability of Puerto Rico Law 100 and Law 69, 29 P.R. Laws Ann. §§ 146 and 1321, to this case. Since the parties have not raised either issue, and the trial is about to conclude, the Court hereby raises the issue *sua sponte*.

### A. *Puerto Rico Law 100 and Law 69*

■ Puerto Rico's Law 100 does not apply to municipalities, or to municipal officials when they are sued in their official capacities. *See, e.g., Marin–Piazza v. Aponte–Roque*, 873 F.2d 432, 436 (1st Cir. 1989); *Gomez–Vazquez v. Diaz–Colon*, 91 F.Supp.2d 481, 483 (D.P.R.2000); *Orta v. Padilla Ayala*, 131 D.P.R. 227, 239 (1992). Law 100 only applies to an "employer," which is defined under 29 P.R. laws Ann. §§ 151 as "any natural or artificial person employing laborers, workers or employees, and the chief, official, manager, officer, managing partner, administrator, superintendent, foreman, overseer, agent or representative of such natural or artificial person. It shall include all such agencies or instrumentalities of the Government of Puerto Rico as may be operating as private businesses or agencies." Puerto Rico Law 69 contains an identical definition for "employer." *See* P.R. Laws Ann. § 1322(2).

The plaintiff has not alleged that the Municipality of Canovanas is an instrumentality operating as a private business. There is no evidence on the record to the effect that the Municipality of Canovanas is an instrumentality operating as a private business. Accordingly, Law 100 or 69 do not apply to the Municipality of Canova-

nas, nor to defendants Jose Soto Rivera, the Mayor of Canovanas, or Bienvenido Nieves Rivera, the Director of the Municipality's Office of Civil Defense in their official capacities. Moreover, as Soto and Nieves were Plaintiff's employers in their capacity as municipal officials, and were not Plaintiff's employers in their personal capacities, they are also not subject to liability under Law 100 or Law 69 in their personal capacities. *See Marin–Piazza*, 873 F.2d at 437 (Law 100); *Gomez–Vazquez*, 91 F.Supp.2d at 483–84; (Law 100) *Matos Ortiz v. Commonwealth of Puerto Rico*, 103 F.Supp.2d 59 (D.P.R. 2000)(Law 69).

### B. *Individual Liability of Supervisors Under Title VII*

■ The First Circuit Court of Appeals and the United States Supreme Court have yet to decide this issue of individual liability of supervisors. *See, e.g., Serapion v. Martinez*, 119 F.3d 982, 992 (1st Cir. 1997); *Scarfo v. Cabletron Systems, Inc.*, 54 F.3d 931, 951–52 (1st Cir.1995). This district, however, has followed the majority of circuits that have confronted this issue and held that no personal liability attaches to agents and supervisors under Title VII. *See, e.g., Vizcarrondo v. Board of Trustees of the Univ. of P.R.*, 139 F.Supp.2d 198, 205 (D.P.R.2001)(citing cases). The Court will rule in the same fashion here. Accordingly, plaintiff's Title VII claims against defendants Rivera Soto and Nieves Matos must be dismissed.

### C. *Punitive Damages Under Section 1983 and Title VII*

■ Punitive damages for constitutional rights violations under 42 U.S.C. § 1983 cannot be awarded against municipalities. *See, e.g., City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). The same

holds true for claims brought under Title VII against municipalities. *Id.; Looby v. City of Hartford*, 152 F.Supp.2d 181, 191 (D.Conn.2001). Because municipalities are the real parties in interest in official capacity suits against municipal officials, a judgment against a municipal official in his official capacity would in effect run against the municipality. *See Saldana–Sanchez v. Lopez–Gerena*, 256 F.3d 1, 4 (1st Cir.2001). Therefore, the law extends a municipality's immunity from punitive damages to actions against officers when they are sued in their official capacities. *Gomez–Vazquez*, 91 F.Supp.2d at 482–83.

Accordingly, the jury may not impose punitive damages on defendants Muncipality of Canovanas under Title VII. Punitive damages may only issue against Soto Rivera or Nieves Matos, pursuant to § 1983, in their personal capacities. *Gomez–Vazquez* at 483.

## CONCLUSION

For the foregoing reasons, the Court hereby *dismisses* plaintiff's claims under Puerto Rico Law 100 and Law 69 with prejudice. The Court also *dismisses* plaintiff's claims against defendants Rivera Soto and Nieves Matos with prejudice. Partial judgment will enter accordingly.

Furthermore, the Court rules that plaintiffs may not recover punitive damages on their Title VII and § 1983 claims against any defendants in their official capacities. The jury instructions and verdict forms will reflect this ruling.

IT IS SO ORDERED.