**Carmen AROCHO, et al., Plaintiffs,**

**v.**

**DEPARTMENT OF LABOR AND HUMAN RESOURCES OF PUERTO RICO, et al., Defendants.**

**Civil No. 99–1788(JAG).**

United States District Court, D. Puerto Rico.

July 24, 2002.

Anibal Escanellas–Rivera, San Juan, PR, Jose E. Andino–Delgado, Hato Rey, PR, for plaintiff.

Jo–Ann Estades–Boyer, Pablo H. Montaner–Cordero, De Corral & De Mier, San Juan, PR, for defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.[1]

Plaintiff Carmen Arocho Ramos ("Arocho") brought this action against the Department of Labor ("Department"), Labor Department Secretary Aurea L. González ("González"), in her personal and official capacity, and her conjugal partnership (collectively, "defendants") pursuant to the Americans with Disabilities Act ("ADA"), the Family Medical Leave Act ("FMLA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and 42 U.S.C. § 1983. On April 17, 2002, defendants moved to dismiss the Complaint pursuant to Fed.

1. Mario A. Arroyo, a third year student at Tulane Law School, assisted in the research and preparation of this opinion.

R.Civ.P. 12(b)(6). For the reasons stated below, the Court grants the motions in part and denies them in part.

### FACTUAL BACKGROUND

On September 12, 1994, Arocho began her employment with the Department as a transitory janitor until December 4, 1998, when defendants discharged her. The Department would renew Arocho's contract every six months, depending on its service needs. On March 7, 1996, Arocho filed a federal suit ("the 1996 case") against the Department and her supervisor, Juan Rivera Muñiz ("Rivera"). In that Complaint, Arocho alleged that Rivera sexually harassed her and that the Department took no corrective action. As a result of the hostile environment and the constant unwelcome sexual conduct, Arocho became severely depressed. Dr. Luis M. Dorta thereafter diagnosed her with depression and anxiety.

During these events, Arocho's mother became very ill. Arocho took care of her mother and informed the defendants about her mother's state. Arocho alleges that the defendants imposed on her several requirements or conditions and made negative remarks each time she requested time off to take care of her mother or to attend her own medical appointments. Arocho also claims that the defendants never provided her with any type of documentation or otherwise explained her rights and obligations under the FMLA. On November 24, 1998, Arocho settled the 1996 case. On December 4, 1998, the Department cancelled her contract effective December 31, 1998. Arocho learned of the decision on December 11, 1998. On December 16, 1998, Arocho's counsel wrote a letter to González, informing her that Arocho's termination was retaliatory and contrary to Title VII. On December 18, 1998, González

replied that the Department fired Arocho for good cause.

Arocho contends that she was fired in retaliation for filing the 1996 case. Defendants allege that they did not have any information regarding the case's status and maintain they properly dismissed Arocho. On November 19, 1999, defendants filed a motion to dismiss based on res judicata, collateral estoppel and judicial estoppel grounds. On January 29, 2002, Magistrate Judge Gustavo A. Gelpi issued a report and recommendation denying the motion. The Court adopted the report and recommendation on March 21, 2002.[2] On July 11, 2002, Arocho voluntarily dismissed with prejudice her causes of action under the ADA, and the FMLA, against the Department.

### DISCUSSION

#### A. *Motion to Dismiss Standard*

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint may not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts in support of her claim which would entitle her to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Technology,* 950 F.2d 13, 22

---

2. On April 17, 2002, Arocho moved to strike defendants's second motion to dismiss.

(Docket No. 55.) The Court denied the motion on June 28, 2002. (Docket No. 58.)

(1st Cir.1991). Plaintiff is responsible for putting her best foot forward in an effort to present a legal theory that will support her claim. *Id.* at 23 (*citing Correa–Martinez,* 903 F.2d at 52). Moreover, plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

### B. *Arocho's Retaliation Claim against the Department*

Arocho alleges that the Department discharged her in retaliation for filing EEOC charges and the 1996 case. Section 704(a) of Title VII, 42 U.S.C. § 2000e–3(a), makes it unlawful for an employer to retaliate against any of their employees.

The analytical framework for ADEA discrimination and retaliation cases was patterned after the framework for Title VII cases, and the precedents are largely interchangeable. *Mesnick v. General Elec. Co.,* 950 F.2d 816, 827 (1st Cir.1991); *Hazel v. United States Postmaster Gen.,* 7 F.3d 1, 3–4 (1st Cir.1993). Therefore, the Court will apply the three-stage burden-shifting framework to Arocho's claims under Title VII. *See McDonnell Douglas v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■ Under this analytical framework, the plaintiff must establish a prima facie case of retaliation. *See Price Waterhouse v. Hopkins,* 490 U.S. 228, 276–77, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). Generally, the basis of a retaliation prima facie case under Title VII and ADA "is that plaintiff engaged in conduct protected by the Constitution or by statute, the defendant took an adverse action against the plaintiff, and this adverse action was taken (at least in part) because of the protected conduct." *Sifre v. Department of Health,* 38 F.Supp.2d 91, 101 (D.P.R.1999) (*citing*

*Thaddeus–X v. Blatter,* 175 F.3d 378, 386–87 (6th Cir.1999)).

The First Circuit has analogized the ADA and ADEA to the Title VII context, in requiring a plaintiff who files a retaliation claim to show that (1) she engaged in a protected activity as an employee, (2) she was subsequently discharged from employment, and (3) there was a causal connection between the protected activity and the discharge. 42 U.S.C.A. § 2000e–3(a); *Vizcarrondo v. Board of Trustees of Univ. of P.R.,* 139 F.Supp.2d 198, 204 (2001); *Morgan v. Massachusetts General Hosp.,* 901 F.2d 186, 193 (1st Cir.1990).

■ Viewing the facts in the light most favorable to the plaintiff, Arocho was a member of a protected class, because she was diagnosed with depression, and engaged in protected activity by filing a sex discrimination suit. Moreover, her employer was aware of her protected activities. She also endured alleged harassment on the job within a period closely following her protected activities and was subsequently discharged. Hence, a retaliatory motive could be reasonably inferred against the Department.

At this stage, the Court finds that plaintiff has pleaded sufficient facts to state a prima facie case of retaliation. Plaintiff engaged in a protected activity by filing the EEOC charge and the 1996 case and has pleaded sufficient facts, "either direct or inferential," to establish a causal link between her dismissal and the filing of the complaints with the EEOC and this Court. *Gooley,* 851 F.2d at 515. Additionally, the facts presented raise issues of motive and intent as to the grounds for Arocho's dismissal the day after the settlement. Therefore, the Court denies the Department's motion on this score, and allows Arocho to proceed with her Title VII retaliation claim against the Department.

C. *42 U.S.C. § 1983 Claims Against González in her Personal Capacity* [3]

 Arocho also seeks relief against González under § 1983. González claims that § 1983 is not available as a remedy because the ADA provides a scheme of comprehensive remedial devices. In *Vicenty Martell v. Estado Libre Asociado de P.R.*, 48 F.Supp.2d 81, 90–91 (D.P.R.1999), the Court held that the ADEA and the ADA respectively provide comprehensive exclusive remedies for disability discrimination, and that, therefore, a state government employee may not bring suit under § 1983. With respect to Title VII claims, a sexual harassment plaintiff may present his or her claim under Title VII or § 1983. *Id.; Lipsett v. University of P.R.*, 864 F.2d 881, 895–96 (1st Cir.1988) (allowing concurrent causes of action for employment discrimination under Title VII and § 1983). Arocho may therefore bring suit under § 1983, notwithstanding her Title VII claim.

 To prevail under § 1983, Arocho must establish (1) that the defendant acted under color of state law; (2) that she was deprived of federally protected rights, privileges, or immunities; and (3) that the defendant's alleged conduct was causally connected to her deprivation. *Gutierrez–Rodriguez v. Cartagena*, 882 F.2d 553, 558 (1st Cir.1989).

 Additionally, section 1983 does not recognize the theory of respondeat superior liability. *See Sánchez v. Alvarado*, 101 F.3d 223, 227 (1st Cir.1996). Supervisors can only be found liable for their own acts or omissions, and not through the actions or omissions of their agents or employees. *Id. (citing Gutierrez–Rodri-*

*guez*, 882 F.2d at 562); *see also Febus–Rodríguez v. Betancourt–Lebrón,*. 14 F.3d 87, 91–92 (1st Cir.1994).

 A defendant supervisor may also be held liable under section 1983 whenever he or she knew, or should have known, of the alleged misconduct, and yet failed to take action to prevent future harm. *Vizcarrondo*, 139 F.Supp.2d at 206 (D.P.R. 2001). Arocho has not established that González acted with reckless or callous indifference to her constitutional rights or that she even knew of her harms. The only contact between the parties was a letter written after Arocho's termination responding to the allegations made by her attorney. That contact alone is not enough to establish an affirmative link between Arocho's termination and González's alleged misconduct. *Gutierrez–Rodriguez*, 882 F.2d at 562.

The Court, after engaging in a liberal reading of the Complaint, taking the alleged facts as true, and indulging all reasonable inferences in Arocho's favor, finds that Arocho has not pleaded sufficient facts to establish a cause of action under § 1983 against González. Accordingly, the Court dismisses her § 1983 claim.

D. *Supplemental State Claims*

Defendants argue that the Court should decline to exercise supplemental jurisdiction over Arocho's state law claims. Since the Court has determined that Arocho's federal cause of action under Title VII should not be dismissed, the Court shall review her state law claims under Puerto Rico Law Nos. 100 and 115.

 Puerto Rico's Law 100 does not apply to the Department, or to Depart-

---

**3.** Arocho also contends that González's actions in her official capacity constitute a violation to 42 U.S.C. § 1983. This type of claim is barred by the Eleventh Amendment, howev-
er. *See Garrett*, 531 U.S. at 356, 121 S.Ct. 955; *Acevedo López v. Police Dept. of the Commonwealth of P.R.*, 247 F.3d 26, 28 (1st Cir. 2001).

ment officials when they are sued in their official capacities. *See, e.g., Saquebo v. Roque,* 716 F.Supp. 709, 714–716 (D.P.R. 1989); *Marin–Piazza v. Aponte–Roque,* 873 F.2d 432, 436 (1st Cir.1989); *Gomez Vazquez v. Diaz Colon,* 91 F.Supp.2d 481, 483 (D.P.R.2000); *Orta v. Padilla Ayala,* 131 D.P.R. 227, 239 (1992). Law 100 only applies to an "employer," which 29 P.R. Laws Ann. §§ 151 defines as "any natural or artificial person employing laborers, workers or employees, and the chief, official, manager, officer, managing partner, administrator, superintendent, foreman, overseer, agent or representative of such natural or artificial person. It shall include all such agencies or instrumentalities of the Government of Puerto Rico as may be operating as private businesses or agencies."

■ Arocho has not alleged that the Department is an instrumentality operating as a private business. There is also no evidence on the record to the effect that the Department is an instrumentality operating as a private business. Accordingly, Law 100 does not apply to the Department, nor to González in her official capacity. Moreover, as González was Plaintiff's employer in her capacity as a Department Secretary, and was not Arocho's employer in her personal capacity, she is also not subject to liability under Law 100 in her personal capacity. *See Marin–Piazza,* 873 F.2d at 437; *Gomez Vazquez,* 91 F.Supp.2d at 483–84; *Matos Ortiz v. Commonwealth of Puerto Rico,* 103 F.Supp.2d 59 (D.P.R.2000).

Arocho's claim under Puerto Rico's Law 115, 29 L.P.R.A. § 194 and Law 44 of June 2, 1984 shall proceed.

### CONCLUSION

In light of the foregoing, the Court grants in part and denies in part defendants's motion to dismiss (Docket No. 53). Arocho may proceed with her Title VII retaliation claims against the Department. The Court dismisses Arocho's § 1983 claims against González in her individual and official capacities. Lastly, the Court will dismiss Arocho's Law 100 claim against González and the Department, but will retain jurisdiction over her Law 115 claim.

IT IS SO ORDERED.