Ramon DE JESUS–SANCHEZ,
Plaintiff(s)

v.

TABER PARTNERS I, LLC.,
et al., Defendant(s).

Civil No. 03–1685(FAB).

United States District Court,
D. Puerto Rico.

June 14, 2007.

Manuel Duran–Rodriguez, Manuel Duran Law Office, San Juan, PR, for Plaintiff.

Ericson Sanchez–Preks, Godwin Aldarondo–Girald, Aldarondo Girald Law Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

BESOSA, District Judge.

Pending before the Court is defendant CPG Ashford Ave. L.P., S.E.'s ("CPG") motion for summary judgment (Docket No. 116) and plaintiff's opposition thereto (Docket No. 123, 124). For the reasons discussed below, the Court **GRANTS** CPG's motion and dismisses this case.

## FACTUAL AND BACKGROUND[1]

Plaintiff Ramon De Jesus–Sanchez ("De Jesus") has been working at the Ambassador Plaza Hotel & Casino as a "Doorperson" since March 1995. His job consisted of ensuring that people entering the hotel's casino were over 18 years of age and that no one carried beverages in glass containers into the casino. De Jesus was required to stand throughout the duration of his entire eight-hour work shift, with the exception of his break and lunch times. In September 1998, De Jesus suffered a work accident which caused him to seek medical treatment at the State Insurance Fund Corporation ("SIFC"). De Jesus was diagnosed with cervical and lumbar strain, disc herniation, and radiculopathy and was subsequently awarded compensation. As a consequence of his diagnosed conditions, the SIFC recommended that De Jesus take his lunch break three hours after starting his shift, and a twenty-minute break two and a half hours after returning from his lunch break. In July 1999, an SIFC Rehabilitation Officer notified the hotel of its diagnosis and recommendations. Defendants aver that the hotel management coordinated the necessary arrangements in order to give De Jesus a reasonable accommodation as recommended by the SIFC.

It is uncontested that on several occasions De Jesus was not relieved from his post at the exact recommended time. On a few occasions his replacement arrived either a few minutes later than, or a few minutes before, the scheduled time. De Jesus would refuse to leave his post when his replacement arrived earlier than scheduled. Defendants allege that because the security guard assigned to relieve De Jesus was busy tending to other situations around the hotel, he was unable, at times, to relieve Mr. De Jesus at the precise time of his lunch hour or his after-lunch break. Consequently, De Jesus sometimes had to stay at his post a few minutes longer than recommended because Puerto Rico's gambling laws provide that the casino door must be manned at all times.

---

1. The Court culls the relevant facts from the Amended Opinion and Order issued on March 3, 2006 (Docket No. 86).

On November 16, 1999, all casino employees, including the plaintiff, were suspended for three days due to a violation of the hotel's regulations. On September 12, 2000, plaintiff was again suspended from his job because of insubordination towards a supervisor. The very next day, on September 13, 2000, De Jesus filed a discrimination claim against Taber Partners I, LLC ("Taber") with the Equal Employment Opportunity Commission ("EEOC"), alleging that he was denied reasonable accommodation and had been treated in a discriminatory manner. On October 28, 2002, De Jesus filed another claim with the EEOC against Taber for allegedly retaliating against him for filing the previous claim. On March 25, 2003, the EEOC dismissed both claims on the grounds that the evidence De Jesus presented did not support his allegations.

During the pendency of this case, on February 11, 2005, CPG bought the hotel from Taber. On May 19, 2006, De Jesus moved to amend the complaint to include claims of discrimination and retaliation which occurred after he filed the first amended complaint and to include claims of discrimination and retaliation against CPG (Docket No. 93). CPG opposed the amendment, arguing that De Jesus did not file a claim against it with the EEOC (Docket No. 95). On November 1, 2006, the Court granted De Jesus' request, finding no requirement to file an EEOC claim against a successor employer for acts reasonably fall within the scope of the previous EEOC complaint (Docket No. 109).

## DISCUSSION

### A. *Summary Judgment Standard*

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *See also Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52. (1st Cir.2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *See* Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion has been presented before the court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *See Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is well settled that

"[t]he mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." *Id.* at 252, 106 S.Ct. 2505. It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

**B.** *CPG's Motion for Summary Judgment*

CPG raises seven different issues in its motion for summary judgment: (1) that the Court lacks jurisdiction over plaintiff's claims against CPG because he did not exhaust administrative remedies; (2) that plaintiff's claims of discrimination and retaliation are time barred; (3) that the Court lacks jurisdiction over plaintiff's hostile work environment claims; (4) that plaintiff is not a disabled person under the ADA; (5) that plaintiff has failed to establish a case for disability discrimination; (6) that plaintiff has failed to establish a claim for hostile work environment; and (7) that the plaintiff has failed to establish a claim for retaliation.

Some of these arguments were raised by Taber in a motion for summary judgment,

on which the Court has already ruled. The Court ruled then that it could not decide whether plaintiff's claims were time barred because an issue of material fact existed, that the plaintiff is disabled under the ADA and was regarded by his employer as being disabled, and that the Court lacks jurisdiction over the hostile work environment claims because they were not included in plaintiff's EEOC claim. (*See* Docket No. 86 pp. 9–15). Furthermore, the Court already decided that plaintiff did not need to exhaust administrative remedies against the successor employer, CPG, because the claims against it are within the scope of his previous EEOC complaint. (*See* Docket No. 109). The Court will adhere to its previous rulings and will not revisit these issues. *See, e.g., Ellis v. U.S.*, 313 F.3d 636, 646 (1st Cir.2002)("[C]ourt ordinarily ought to respect and follow its own rulings, made earlier in the same case. [The law of the case] doctrine frowns upon, but does not altogether prohibit, reconsideration of orders within a single proceeding by a successor judge").[2]

Accordingly, the only issues that remain to be decided are whether De Jesus has established a case for discrimination and for retaliation. The Court will address each in turn.

**1.** *De Jesus' Disability Discrimination Claims*

■ To establish a *prima facie* case of discrimination under the American Disabilities Act (ADA), plaintiff must prove by a preponderance of the evidence: (1) that he is disabled within the meaning of the ADA; (2) that he is able to perform the essential functions of his job, with or without rea-

---

**2.** Although CPG was added as a party after the Court's ruling on Taber's motion for summary judgment, it stands as a successor to Taber and not as an independent party. Moreover, both CPG and Taber are represent-

ed by the same attorneys, who have been in the case since its inception. Furthermore, because the arguments raised by CPG are also applicable to Taber, the Court will treat them as if they had been raised by both defendants.

sonable accommodation; and (3) that the adverse employment decision was based in whole or in part on his disability. *Phelps v. Optima Health Inc.*, 251 F.3d 21, 24 (1st Cir.2001); *Marcano–Rivera v. Pueblo Int'l.*, 232 F.3d 245, 251 (1st Cir.2000); *Garcia–Ayala v. Lederle Parenterals Inc.*, 212 F.3d 638, 646 (1st Cir.2000).

The first prong has already been established because the Court found in its prior opinion and order that De Jesus is disabled for ADA purposes. (*See* Docket No. 86, p. 14–15). De Jesus can also establish the second prong because he can perform the essential functions of his job with a reasonable accommodation; to wit, if he is given a lunch break three hours after beginning his shift and a twenty minute break two and a half hours after returning from lunch.

■ It is at the third prong that De Jesus' case falters. De Jesus must establish that he was subjected to an adverse decision because of his disability. The employer here, however, did not take adverse action against him. De Jesus still works at the hotel and has not alleged that he was demoted or was not promoted because of his disability. His only claim is that his employer is not providing him with the reasonable accommodation he requested.

The Court finds that the hotel did provide De Jesus with a reasonable accommodation. The hotel made arrangements for De Jesus to be relieved from his post at the time recommended by the SIFC. De Jesus' complaint is that on several occasions, on about eight different dates according to plaintiff's arguments (*See* Docket No. 124, ¶ 21), the person assigned to relieve him from his post arrived either a few minutes later or a few minutes before

the designated time. Considering that the hotel had to move security personnel around in order to accommodate De Jesus, it is reasonable that at times his replacement could not arrive at the exact time when he was supposed to take his breaks. It seems even more reasonable when taking into account that over a five-year period, De Jesus can only point to eight specific dates when he was not relieved on time.[3] Thus, because the hotel did give De Jesus a reasonable accommodation, he cannot establish a *prima facie* case for discrimination and his ADA claim must be dismissed.

### 2. *De Jesus' Retaliation Claims*

■ To establish a *prima facie* case of retaliation, plaintiff must demonstrate that: (1) he engaged in protected conduct; (2) he was thereafter subjected to an adverse employment action; and (3) a causal connection exists between the protected conduct and the adverse action. *Orell v. UMass Mem'l Med. Ctr. Inc.*, 203 F.Supp.2d 52, 60 (D.Mass.2002); *Vizcarrondo v. Board of Trustees of University of Puerto Rico*, 139 F.Supp.2d 198, 204 (D.P.R.2001). Once the plaintiff establishes a *prima facie* case of retaliation, the burden shifts to the defendant to articulate a legitimate non-discriminatory reason for its employment decision. Once the employer does so, the burden shifts back to the plaintiff to establish that the proffered non-discriminatory reason is but a pretext for masking retaliation. In this step, "the critical inquiry becomes whether the aggregate evidence of pretext and retaliatory animus suffices to make out a jury question." *Mesnick v. General Electric Co.*, 950 F.2d 816, 827 (1st Cir.1991).

---

**3.** De Jesus does allege that it happened at other times, but his allegations are too general for the Court to take them into consideration. For example, when he says that it happened In February 2005, the Court is left to guess if it happened only once during that month or on all twenty-eight days.

De Jesus meets the first prong because he filed an EEOC complaint against his employer, which is a protected activity. *See, e.g., Mullenix v. Forsyth Dental Infirmary for Children,* 965 F.Supp. 120, 149 (D.Mass.1996). At the second prong, De Jesus alleges four incidents that he claims were taken in retaliation for his filing of the EEOC claim: (1) that on January 18, 2001, the hotel's General Manager questioned him about the charge he had filed; (2) that on November 15, 2002, the hotel's Security Director threw De Jesus' SIFC documents on the floor and told him not to speak to him again; (3) that on August 31, 2005, the hotel's Security Director pushed De Jesus; and (4) that the hotel reprimanded De Jesus for violations to hotel policy regarding tardiness and interactions with hotel guests.

■ Of these incidents, the first, while it could be said is connected to the EEOC claim, is not an adverse employment action sufficient to trigger a retaliation claim. Nor does the second claim appear to be a retaliatory action. That a supervisor was angered because of the plaintiff's request for a reasonable accommodation and may have overreacted, while perhaps improper, does not by itself constitute an adverse employment action for purposes of a retaliation claim.

■ The third incident also falls short of an employment action. Moreover, CPG has proffered evidence that the Security Director did not push De Jesus, but rather raised his hand to avoid bumping into De Jesus, who was turning into his path. De Jesus attempts to link this incident to the incident where the Security Director threw his documents on the ground in order to show that he was angry at him for filing the EEOC claim, but the fact that the incidents took place almost three years apart serves to dissipate any connection between the two. De Jesus simply cannot establish that the incident had any connection to his EEOC complaint.

■ As for the fourth incident, De Jesus cannot establish that the reprimands had anything to do with his EEOC complaint. The hotel argues that the reasons for the reprimand were violations of hotel policy. De Jesus generally states that he did not violate hotel policy, but does little else to show that the proffered reason is a pretext to hide retaliatory actions by the defendants.

Accordingly, De Jesus has failed to establish a *prima facie* case of retaliation and his claims must be dismissed.

### 3. *Supplemental State Law Claims*

Because no federal claims to ground jurisdiction remain in this case, plaintiffs' supplemental state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** CPG's motion for summary judgment. Plaintiff's federal claims are dismissed **with prejudice.** Supplemental state law claims are dismissed **without prejudice.** Judgment shall enter accordingly.

**IT IS SO ORDERED.**